[This decision has been published in *Ohio Official Reports* at 94 Ohio St.3d 101.]

AKRON MANAGEMENT CORPORATION, D.B.A. FIRESTONE COUNTRY CLUB, APPELLEE,
*v*. ZAINO, TAX COMMR., APPELLANT.

QUAIL HOLLOW MANAGEMENT, INC., D.B.A. QUAIL HOLLOW COUNTRY CLUB,
APPELLEE, *v*. ZAINO, TAX COMMR., APPELLANT.

DE TRANSPORTATION CORPORATION ET AL., D.B.A. BARRINGTON COUNTRY CLUB,
APPELLEES, *v*. ZAINO, TAX COMMR., APPELLANT.

GLENMOOR PROPERTIES, INC., D.B.A. GLENMOOR COUNTRY CLUB, APPELLEE, *v*.
ZAINO, TAX COMMR., APPELLANT.

[Cite as *Akron Mgt. Corp. v. Zaino,* 2002-Ohio-63.]

*Taxation—Sales tax—Sales tax applies to payments that are required as a condition precedent to membership in a country club and that have the characteristics of either a loan or an equity contribution.*

(Nos. 00-1924, 00-1925, 00-1926 and 00-1927—Submitted October 16, 2001—Decided January 16, 2002.)

APPEAL from the Board of Tax Appeals, No. 99-K-595.

APPEAL from the Board of Tax Appeals, No. 99-K-594.

APPEAL from the Board of Tax Appeals, Nos. 99-K-612, 99-K-614 and 99-K-615.

APPEAL from the Board of Tax Appeals, No. 99-K-613.

————————————

SYLLABUS OF THE COURT

The sales tax applies to payments that are required as a condition precedent to membership in a country club and that have the characteristics of either a loan or an equity contribution, since such payments are transactions that are similar to an initiation fee that is taxable pursuant to R.C. Chapter 5739.

————————————

FRANCIS E. SWEENEY, SR., J.

{¶ 1} Four cases have been consolidated for our review on a common question of law. Akron Management Corporation, d.b.a. Firestone Country Club ("Firestone"), Quail Hollow Management, Inc., d.b.a. Quail Hollow Country Club ("Quail Hollow"), DE

Transportation Corporation and Breezy Point, Ltd., both d.b.a. Barrington Country Club ("Barrington"), and Glenmoor Properties, Inc., d.b.a. Glenmoor Country Club ("Glenmoor") have at all relevant times operated or promoted country clubs in the state of Ohio. These entities dispute the applicability of this state's sales tax to certain transactions each has entered into with its members.

{¶ 2} Both Firestone and Quail Hollow require successful applicants for membership into their clubs to pay an initiation deposit. Upon payment, the applicant is given the right to use club facilities. Each club treats this payment as an interest-free thirty-year loan that it accounts for as a long-term liability. If a member resigns, he is entitled to a refund of his initiation deposit over a period of time not to exceed thirty years from the date of his original acceptance as a member of the club.

{¶ 3} The other two clubs involved in this action, Barrington and Glenmoor, each offer what they deem to be equity memberships, which are awarded to qualified applicants who pay a membership contribution. Upon being admitted as an equity member at either club, a successful applicant enjoys full use of club facilities. According to the membership plans of Barrington and Glenmoor, when certain conditions are met the assets of each club are to be turned over to their equity members. If the equity members do not approve a turnover of these assets, the equity memberships terminate. When an equity member resigns, the membership must be resold to the club. The club, after reissuing the membership to a new member, then refunds to the resigning member a sum equal to at least his original membership contribution.

{¶ 4} All four entities were audited by the Tax Commissioner. Firestone was audited for the period of March 1, 1993 through December 25, 1996, Quail Hollow was audited for the period of July 1, 1993 through February 16, 1997, and Barrington and Glenmoor were each audited for the period of January 1, 1993 through December 31, 1995. As a result of these audits, the Tax Commissioner assessed Firestone, Quail Hollow, Barrington, and Glenmoor for failing to collect and remit sales taxes on initiation deposits and membership contributions during these audit periods. On appeals by the clubs, the Board of Tax Appeals ("BTA") reversed the Tax Commissioner's final determinations in each instance, finding that the initiation deposits and membership contributions were not

subject to the sales tax. These causes are now before this court upon appeals as a matter of right.

{¶ 5} The issue presented is whether the initiation deposits and membership contributions required by the four country clubs are subject to the sales tax imposed by R.C. Chapter 5739. Firestone, Quail Hollow, Barrington, and Glenmoor assert that the initiation deposits and membership contributions required of their members are not transactions within the meaning of "recreation and sports club service" under R.C. 5739.01(NN), instead characterizing the transactions as loans or equity contributions that are not contemplated as taxable under that provision. We reject this argument. Instead, we find that the payments required for membership in the clubs are subject to the sales tax imposed by R.C. Chapter 5739.

{¶ 6} R.C. 5739.02 imposes an excise tax "on each retail sale made in this state."[1] R.C. 5739.01(B)(3)(o) provides that the term "sale" includes all transactions by which a "[r]ecreation and sports club service is or is to be provided." The term "recreation and sports club service" is defined in R.C. 5739.01(NN) as "all transactions by which a membership is granted, maintained, or renewed, including initiation fees, membership dues, renewal fees, monthly minimum fees, and other similar fees and dues, by a recreation and sports club, which entitles [*sic*] the member to use the facilities of the organization." It is this definition that is the crux of the dispute.

{¶ 7} It is well established that in matters of statutory interpretation, a court's chief concern is to give effect to the intent of the legislature. *Christe v. GMS Mgt. Co., Inc.* (2000), 88 Ohio St.3d 376, 377, 726 N.E.2d 497. This compels the court to look to the plain language of the provision and to discern its purpose. *Id.* We first focus our attention on the plain meaning of R.C. 5739.01(NN). R.C. 5739.01(NN) includes country clubs, such as the four involved here, within the meaning of the phrase "recreation and sports club." A taxable service provided by such clubs, according to the statutory definition, includes "*all* transactions by which a membership is granted, maintained, or renewed." (Emphasis added.) R.C. 5739.01(NN). The use of the word "all" demonstrates that the General Assembly desired to cast a wide net over all transactions by which consideration

___

1. R.C. 5739.02 lists a number of exceptions to the transactions that are subject to the tax, all of which are inapplicable here.

is given in return for the right to join such a club. Had the legislature desired to restrict the application of the tax, it would not have used such far-reaching language. It chose a wide application of this provision by including within the definition of taxable transactions not only certain specific transactions, including initiation fees, but also "other similar fees and dues." R.C. 5739.01(NN).

{¶ 8} Although the clubs involved here label the required payments as loans or equity transactions, these labels serve only to disguise their true nature as fees or dues that are similar to an initiation fee. An initiation fee, while not defined in the statute, in everyday application involves a payment as a condition precedent to becoming a member of an organization. The transactions at issue here serve the same function. At none of the four country clubs may an applicant become a member until he or she makes the required payment, and the right to use club facilities inures as a result of these transactions. Therefore, classification of these payments as anything other than transactions made to gain membership is nothing more than an attempted end run around the sales tax.

{¶ 9} Firestone, Quail Hollow, Barrington, and Glenmoor urge this court to adopt the reasoning of the BTA's decisions in their respective cases and follow *Findlay Country Club v. Tracy* (Feb. 23, 1996), BTA No. 94-H-1307, unreported. In *Findlay Country Club*, the BTA held that a one-time assessment against members of a country club, the use of which was restricted to construction of a new clubhouse, was not a taxable transaction under R.C. 5739.01(NN). In the instant matters, the BTA found that the transactions were similar to those in *Findlay Country Club* and thus nontaxable. We disagree and find that it is unnecessary for us to square our decision with that holding, since the types of transactions involved here are factually distinct from those in that case. Additionally, contrary to the reasoning of the BTA decisions in this case, we find that the plain language of R.C. 5739.01(NN) certainly indicates that the transactions here fall within the scope of that provision. We therefore can identify no reason to place the instant situation on all fours with the decision in *Findlay Country Club*.

{¶ 10} The sales tax applies to payments that are required as a condition precedent to membership in a country club and that have the characteristics of either a loan or an equity contribution, since such payments are transactions that are similar to an initiation fee that is taxable pursuant to R.C. Chapter 5739. We find that the initiation deposits and

membership contributions required by Firestone, Quail Hollow, Barrington, and Glenmoor are transactions of the sort contemplated as taxable by the language of R.C. 5739.01(NN). Accordingly, the decisions of the BTA in all of the consolidated cases were in error and are hereby reversed.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————

*Buckingham, Doolittle & Burroughs, L.L.P.*, and *Steven A. Dimengo*, for appellees Akron Management Corporation and Quail Hollow Management, Inc.

*Baker & Hostetler LLP*, *Christopher J. Swift*, *Edward J. Bernert* and Elizabeth McNellie, for appellees DE Transportation Corporation, Breezy Point, Ltd., and Glenmoor Properties, Inc.

*Betty D. Montgomery*, Attorney General, and *Robert C. Maier*, Assistant Attorney General, for appellant.

————————————