OPINION
{¶ 1} Appellant, Jeffrey C. Tuomala, Jr., appeals from the December 10, 2001, judgment entry of the Ashtabula County Court of Common Pleas.
 {¶ 2} Appellant was indicted on June 7, 2000, for receiving stolen property, a violation of R.C. 2913.51 and a felony of the fourth degree. Appellant had been arrested on the day of the offense, May 8, 2000, but had been unable to post a $5,000 bond and remained in continuous custody prior to trial.
 {¶ 3} In an August 25, 2000 judgment entry, the trial court found that appellant was not competent to stand trial and ordered that he undergo treatment at Northcoast Behavioral Health Care Systems ("Northcoast"). In a December 4, 2000 judgment entry, after appellant had been treated for a period of time, the trial court found him competent to stand trial. However, at a hearing to determine sanity, evidence was presented that the Forensic Psychiatric Center of Northeast Ohio found appellant to be insane at the time he committed the alleged crime. Therefore, in a February 8, 2001 judgment entry, the trial court found appellant not guilty by reason of insanity. The trial court, in a February 22, 2001 judgment entry, ordered appellant be committed to Heartland Behavioral Health Care ("Heartland").
 {¶ 4} A hearing on the continued commitment of appellant was scheduled for August 31, 2001; however, two witnesses failed to appear, and the hearing was rescheduled for November 19, 2001. The state filed a motion to continue appellant's commitment on September 12, 2001. In its motion, the state argued that pursuant to R.C. 2945.40, appellant was subject to the trial court's jurisdiction for a length of time equivalent to the maximum sentence he could have received if convicted of a fourth degree felony, which was eighteen months. Because the trial court did not commit appellant to Heartland until February 26, 2001, the trial court would have jurisdiction over him until August 2002.
 {¶ 5} In his response in opposition to the state's motion, appellant argued that pursuant to R.C. 2967.19, he should receive credit for time served subsequent to his arrest, but prior to his commitment, or slightly more than nine and one-half months. At the November 19, 2001 hearing, appellant made an oral motion to dismiss the matter. In its December 10, 2001 judgment entry, the trial court concluded that appellant was not entitled to credit for time served. Therefore, it had jurisdiction over appellant from February 2001 through August 2002.
 {¶ 6} Appellant has filed a timely appeal from the trial court's judgment entry and makes the following assignment of error:
 {¶ 7} "The trial court erred when overruling appellant's motion to dismiss commitment proceedings and discharge [appellant]."
 {¶ 8} As a preliminary matter, we would note that the prosecution and the trial court agree that the trial court's jurisdiction in this matter ended in August 2002; therefore, this issue is moot. However, when a moot issue has evaded review, yet is capable of repetition, an appellate court is vested with jurisdiction over that issue. State exrel. Plain Dealer Pub. Co. v. Barnes (1988), 38 Ohio St.3d 165, 166;Deluca v. City of Aurora ex rel. Keidel (July 6, 2001), 11th Dist. No. 2000-P-0104, 2001 WL 758738, at 3. Because this issue is capable of repetition, we will address the merits of appellant's assignment of error.
 {¶ 9} Pursuant to R.C. 2945.401(J)(1), "[a] defendant * * * who has been committed pursuant to section * * * 2945.40 of the Revised Code continues to be under the jurisdiction of the trial court until the final termination of the commitment. * * * [T]he final termination of a commitment occurs upon the earlier of one of the following:
 {¶ 10} "(a) The defendant or person no longer is a mentally ill person subject to hospitalization by court order or a mentally retarded person subject to institutionalization by court order, as determined by the trial court;[1]
 {¶ 11} "(b) The expiration of the maximum prison term or term of imprisonment that the defendant * * * could have received if the defendant * * * had been convicted of the most serious offense * * * in relation to which the defendant * * * was found not guilty by reason of insanity;
 {¶ 12} "* * *."
 {¶ 13} In the instant matter, the maximum term of imprisonment for a fourth degree felony is eighteen months. R.C. 2929.14(A)(4). R.C.2967.191 provides for a reduction in the length of imprisonment "by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity * * *." (Emphasis added.) The state argues that defendants found not guilty by reason of insanity have not been convicted of an offense; therefore, R.C. 2967.191 is not applicable, and they are not entitled to credit for time served awaiting trial. We are not convinced by this logic.
 {¶ 14} There is no separate or parallel statutory structure for those found not guilty by reason of insanity. Without reference to the sentencing laws drafted for application to convicted felons, R.C.2945.401(J)(1) would amount to nothing more than an abstraction. For example, R.C. 2945.401(J)(1) requires the trial court to reference R.C.2929.14 to determine the maximum sentence a person found not guilty by reason of insanity could have served if he had been convicted of the charged offense. Although R.C. 2929.14 is explicitly applicable only to convicted felons who must serve a definite prison term, it would be impossible for a trial court seeking to determine the length of its jurisdiction over a person found not guilty by reason of insanity to do so without consulting R.C. 2929.14.
 {¶ 15} If the trial court must reference the felony sentencing laws in order to determine the term of its jurisdiction over a defendant found not guilty by reason of insanity, it must attempt to apply all of the applicable laws consistently, and cannot arbitrarily pick and choose among the various code sections that govern sentencing decisions. Therefore, we conclude that appellant was entitled to credit for the time he was incarcerated prior to trial pursuant to R.C. 2967.191.
 {¶ 16} "It is well established that in matters of statutory interpretation, a court's chief concern is to give effect to the intent of the legislature." Akron Mgt. Corp. v. Zaino (2002), 94 Ohio St.3d 101,103. As noted by the Supreme Court of Ohio, prior to the enactment of R.C. 2945.401, a person found not guilty by reason of insanity remained indefinitely subject to the jurisdiction of the trial court. State v.Hawkins (1999), 87 Ohio St.3d 311, 312. Clearly, the intent of the General Assembly in enacting R.C. 2945.401 was to introduce some equity into a system that permitted an individual found not guilty by reason of insanity to be subject to periodic recommitment to a psychiatric hospital by order of the trial court long after he would have been released from prison if he had served the maximum term. If the provision of credit for time served found in R.C. 2967.191 is not applied to those found not guilty by reason of insanity, the inequity that the General Assembly sought to resolve through the enactment of R.C. 2945.401 would still exist.[2]
 {¶ 17} Finally, if an individual found not guilty by reason of insanity continues to pose a threat to public safety after the trial court's jurisdiction has terminated, the prosecutor or the trial court can file an affidavit for civil commitment. State v. Bai (Nov. 1, 1999), 5th Dist. No. 1999-CA-00152, 1999 WL 1071978, at 3.
 {¶ 18} In its judgment entry, the trial court identifies inadequacies in the civil commitment procedure and suggests that it is not in the best interests of society or a mentally ill defendant to construe R.C. 2945.401 in a manner that would unduly restrict the trial court's jurisdiction over such a defendant. Part of the trial court's reasoning is premised on the assumption that R.C. 2945.401 is geared toward treatment of the mentally ill defendant. However, such an assumption is not consistent with the fact that R.C. 2945.401(J)(1)(b) explicitly ties the length of the trial court's jurisdiction to the seriousness of the crime with which the defendant was charged.
 {¶ 19} Clearly, there is no scientific correlation between the maximum term a mentally ill defendant could receive for the crime he allegedly committed and the length of time necessary for him to receive appropriate treatment for his mental illness. In other words, mentally ill defendants, who have been indicted for a first degree felony, do not necessarily require ten years of psychiatric treatment, while mentally ill defendants charged with fifth degree felonies require only twelve months of treatment. To reach such a conclusion would be absurd.
 {¶ 20} While R.C. 2945.401 reflects, in part, the General Assembly's desire for mentally ill defendants to receive appropriate treatment, this is obviously not its sole objective. R.C. 2945.401(J)(1)(b) is highly indicative of a desire to treat convicted felons and those found not guilty by reason of insanity in a comparable manner in terms of length of incarceration and psychiatric commitment regardless of the implications for treatment.
 {¶ 21} For the foregoing reasons, appellant's sole assignment of error is well-taken, and the judgment entry of the Ashtabula County Court of Common Pleas is reversed, and judgment is entered for appellant.
WILLIAM M. O'NEILL, P.J., DIANE V. GRENDELL, J., concur.
[1] Appellant had not been found to be competent at the time of the November 19, 2001 hearing; therefore, R.C. 2945.401(J)(1)(a) was not applicable.
[2] We would note that this analysis would not apply in the case of a defendant who has been released from the jurisdiction of the trial court pursuant to R.C. 2945.401(J)(1)(a), which provides that the trial court's jurisdiction terminates when the defendant "no longer is a mentally ill person subject to hospitalization by court order * * *."