OPINION
{¶ 1} This is an accelerated appeal by plaintiff-appellant, Joseph Hamilton, from a decision of the Clermont County Court of Common Pleas granting the summary judgment motion of the Clermont County Board of Commissioners, Clermont County Engineer Patrick Manger, and the Monroe Township Trustees (collectively, "Clermont County"). We affirm the decision of the trial court.
 {¶ 2} In November 2001, appellant lost control of his car on a county road and collided head-on with the end of a guardrail, sustaining injuries when the guardrail impaled the windshield and flipped the vehicle. In November 2003, appellant filed a complaint against Clermont County, alleging liability on the basis of R.C. 5591.36 and 5591.37. The trial court awarded summary judgment to Clermont County in August 2005, and appellant timely appealed.
 {¶ 3} In a single assignment of error, appellant contests the trial court's awarding of summary judgment in favor of Clermont County, raising two arguments. Appellant insists that the trial court failed to view the evidence in a light most favorable to him as the nonmovant. In addition, appellant contends that statutory liability for the accident is expressly imposed upon Clermont County by R.C. 5591.36 and 5591.37.
 {¶ 4} We review a trial court's decision on a summary judgment motion de novo. Burgess v. Tackas (1998),125 Ohio App.3d 294, 296. Summary judgment is proper where (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can only come to a conclusion adverse to the party against whom the motion is made, construing the evidence most strongly in that party's favor. Civ.R. 56(C). See, also, Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64, 66.
 {¶ 5} First we address appellant's argument that the trial court did not view the evidence in his favor. In conducting a de novo review, this court performs an independent review of the evidence and applies the same standard as that which the trial court should have applied, resolving whether as a matter of law no genuine issues exist for trial. Reese v. Barbiere, Clermont App. No. CA2002-09-079, 2003-Ohio-5110, ¶ 8. Therefore, we are not constrained by the trial court's perception of the evidence.
 {¶ 6} Second, we examine appellant's contention that R.C.5591.36 and 5591.37 expressly impose liability for the accident upon Clermont County. Although both of these statutes have been amended, our decision is governed by the former versions which were in effect at the time of appellant's accident, when his cause of action accrued.[1] The former R.C. 5591.36
provided, in pertinent part:
 {¶ 7} "The board of county commissioners shall erect and maintain * * * guardrails on each end of a county bridge, viaduct, or culvert more than five feet high * * *. Such guardrails * * * shall be erected in a substantial manner, having sufficient strength to protect life and property * * *."
 {¶ 8} Pursuant to the former R.C. 5591.37, failure to comply with R.C. 5591.36 rendered the county liable for resultant accidents or damages. The heart of appellant's argument is the claim that these sections of the Revised Code imposed upon Clermont County a duty to comply with the Ohio Department of Transportation ("ODOT") standards in constructing and maintaining county guardrails. We disagree.
 {¶ 9} R.C. 5591.36 ensures that adequate guardrails are erected to serve as a warning and a barrier for motorists. Flachv. Marion Cty. Bd. of Commrs. (Nov. 28, 1995), Marion App. No. 9-95-28, 1995 WL 723161 at *3. The plain language of the statute entirely omits mention of ODOT standards. Akron Mgt. Corp. v.Zaino, 94 Ohio St.3d 101, 103, 2002-Ohio-63. As a matter of law, R.C. 5591.36 does not mandate that guardrails be erected and maintained in compliance with ODOT regulations. Ostendorf v.Montgomery Cty. Bd. of Commrs., Montgomery App. No. 20257, 20261, 2004-Ohio-4520, ¶ 12.
 {¶ 10} Appellant cites the deposition testimony of Clermont County Engineer Patrick Manger as evidence of the county's noncompliance with R.C. 5591.36. Manger testified that he personally referred to ODOT standards to determine what constituted "suitable guardrails." Manger repeatedly noted, however, that his deposition responses exemplified his opinions rather than a legal interpretation of R.C. 5591.36 requirements. The County Engineer's individual custom does not convert his reference to ODOT standards into a legal duty to comply therewith.
 {¶ 11} Appellant also cites a report conducted by MasterMind Systems, Inc., an outside consultant employed by the county to inspect guardrails in the area, as evidence of the county's failure to fulfill its statutory duties. This study was conducted in June 1996, over five years prior to the accident. The report does not indicate the safety standards that its recommendations were intended to bring the guardrail into compliance with. Moreover, the report is not properly part of the evidentiary record on summary judgment. Civ.R. 56(C) dictates that the evidence contemplated on summary judgment includes "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action * * *." The provision further warns that "[n]o evidence or stipulation may be considered except as stated in this rule." Id.
 {¶ 12} The report prepared by MasterMind was offered by appellant to prove that recommendations made by the firm to perform work on the guardrail were not heeded, and therefore the guardrail was not safe. The report was referenced in appellant's memorandum in opposition to Clermont County's summary judgment motion and was inquired about during County Engineer Manger's deposition. However, the report was never authenticated by its author nor properly incorporated into the record. McPherson v.Goodyear Tire Rubber Co., Summit App. No. 21499,2003-Ohio-7190, ¶ 11. Not found in any of the evidentiary media sanctioned by Civ.R. 56(C), the report constitutes inadmissible hearsay under Evid.R. 801(C). McPherson at ¶ 12. Although exceptions exist to admit records of regularly conducted activity and public records and reports, neither of these exceptions operates to salvage the MasterMind report. Evid.R. 803(6), 803(8). Any consideration given to the report by the trial court constitutes harmless error and does not warrant reversal of the judgment as there was no effect upon the substantial rights of the parties. Civ.R. 61. Cf. Moore v. Vandemark Co., Inc.,
Clermont App. No. CA2003-07-063, 2004-Ohio-4313, ¶ 21-22.
 {¶ 13} Even if properly admitted into evidence, the MasterMind report is irrelevant to the issues at hand. Appellant argues that "[MasterMind] specified what needed to be done to make the guardrail comply with Mastermind's and/or ODOT standards." As stated, however, R.C. 5591.36 does not require that the guardrail conform to MasterMind or ODOT standards. Furthermore, the aforementioned purpose of the guardrail was to prevent vehicles from leaving the roadway and careening off the embankment. See, generally, Flach, 1995 WL 723161. This purpose contemplates a side-on rather than head-on impact with the guardrail. Appellant hit the guardrail head-on. We thus conclude that appellant has not presented evidence that the guardrail in question was unfit for its intended purpose in connection with R.C. 5591.36.
 {¶ 14} Because appellant failed to present evidence that raised a genuine issue regarding whether Clermont County failed to comply with its statutory duties, appellant's sole assignment of error is overruled.
 {¶ 15} Judgment affirmed.
Young and Bressler, JJ., concur.
[1] The amended versions of these statutes, which incorporated significant changes, became effective on April 3, 2003, but do not control the present matter as indicated by Section 3, Am.Sub.S.B. No. 106, 149 Ohio Laws, Part II, 3500, 3524: "Sections * * * 5591.36 and 5591.37 of the Revised Code, as amended by this act, apply only to causes of action that accrue on or after the effective date of this act. Any cause of action that accrues prior to the effective date of this act is governed by the law in effect when the cause of action accrued."