CRAWLEY–KINLEY et al., Appellees,

v.

PRICE, Appellant.

[Cite as *Crawley–Kinley v. Price* (2000), 145 Ohio App.3d 285.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–000110.

Decided Dec. 22, 2000.

*Michael K. Allen*, Hamilton County Prosecuting Attorney, and *Diane E. Books*, Assistant Prosecuting Attorney, for appellees.

*Victor Dwayne Sims*, for appellant.

DOAN, Presiding Judge.

Billie Crawley–Kinley is the mother of Rasheen L. Crawley, who was born on January 28, 1976. On January 4, 1993, a complaint to "determine the parent-child relationship" was filed against defendant-appellant Thomas J. Price, Jr. The Hamilton County Juvenile Court found that Price was the father of Rasheen L. Crawley, and set an amount to be paid for child support for the period of November 17, 1992, through Rasheen's emancipation. The trial court found that the doctrine of laches barred an award of back child support from the date of Rasheen's birth. Price paid the amount awarded as child support. The decision of the trial court was appealed. This court held that the doctrine of laches did not apply to bar an award of back support from the date of Rasheen's birth. See *Crawley–Kinley v. Price* (Mar. 13, 1996), Hamilton App. No. C–940920, unreported, 1996 WL 107569.

Upon remand, a hearing was held before a magistrate to determine the amount Price was to pay for back child support. The evidence showed that Crawley–Kinley received public assistance for Rasheen from his birth until approximately May 1, 1979. She then worked for one year, supporting Rasheen on her own. Crawley–Kinley married, and her husband supported Rasheen until 1998, when Crawley–Kinley returned to work and supported Rasheen until he was emancipated. It was stipulated that the Hamilton County Department of Human Services waived any right to reimbursement for the support it had provided.

Crawley–Kinley and Price testified as to their respective incomes for the period of January 1, 1976 through November 17, 1992. Price also submitted a written financial summary detailing his yearly income. The magistrate issued a report recommending that Price pay back child support of $25 per week from May 1,

1979 to November 17, 1992, for a total of $17,500. The magistrate noted that the child-support guidelines were not in effect in 1976, the year that Rasheen was born. Further, the magistrate found that, pursuant to the practice of the juvenile court in 1976, Price would have been ordered to pay $25 per week in child support, based upon his income at that time. No allowance was made for modification of Price's support obligation over the years, even though there were considerable fluctuations in the parties' respective incomes.

Objections to the magistrate's report were filed. The trial court sustained the objections, holding that the current child-support guidelines were the "best usable method to determine child support of so many years ago considering income and expense inflation and vague memories." The trial court completed a child-support worksheet for each year for which support was ordered. Based upon the child-support worksheets, the trial court ordered Price to pay back support of $93,911 for the period of May 1, 1979 to November 17, 1992. Price has appealed, raising two assignments of error for our review.

Price's first assignment of error alleges that the trial court erred in using the R.C. 3113.215 child-support guidelines that became effective in 1990 to calculate support for the years prior to 1990. In support of his argument, Price has cited *State ex rel. Donovan v. Zajac* (1998), 125 Ohio App.3d 245, 708 N.E.2d 254, in which the Eleventh District Court of Appeals held that the trial court erred in applying child-support guidelines promulgated in 1987 to calculate back child support for the years 1977 to 1986. The *Zajac* court stated:

"[T]he calculations for 1977 through 1986 use the Child Support Guidelines promulgated by the Supreme Court of Ohio in 1987. Those guidelines were not applicable from 1977 to 1986. Therefore, the use of those guidelines was error. We, therefore, remand this matter to the trial court for proper calculation of appellant's child support obligation from 1977 to 1986 pursuant to the commonly accepted techniques used in Geauga County during each of those years." *Id.* at 254, 708 N.E.2d at 260.

In *Mary D. v. Frank H.* (Nov. 30, 2000), Lucas App. No. L–00–1005, unreported, 2000 WL 1752761, the Sixth Appellate District, citing *Zajac*, held that the trial court erred in applying the R.C. 3113.215 child-support guidelines to calculate back child support for years prior to the effective date of the statute. The *Mary D.* court held that applying the R.C. 3113.215 guidelines to calculate back support for years prior to the statute's effective date violated the prohibition against retroactive laws contained in Section 28, Article II of the Ohio Constitution.

We disagree with the holdings in *Zajac* and *Mary D.* A retroactive law takes away or impairs vested rights acquired under existing laws, or creates a new duty, or attaches a new disability to past transactions. See *Van Fossen v.*

*Babcock & Wilcox Co.* (1988), 36 Ohio St.3d 100, 522 N.E.2d 489. We hold that the application of the R.C. 3113.215 child-support guidelines to calculate back support for years prior to the effective date of the statute does not violate the prohibition on retroactive laws. No new duty is created by applying the R.C. 3113.215 guidelines because a parent has the duty to support his or her child from birth independent of R.C. 3113.215. There is no vested right to pay a certain amount of child support for any given year because, as discussed below, the trial court has discretion in setting the amount of child support. In addition, provisions are made for the modification of support orders if warranted by the circumstances.

When reviewing child-support matters, an appellate court applies an abuse-of-discretion standard. See *Booth v. Booth* (1989), 44 Ohio St.3d 142, 541 N.E.2d 1028; *Frazier v. Daniels* (1997), 118 Ohio App.3d 425, 693 N.E.2d 289; *Carr v. Blake* (Feb. 18, 2000), Hamilton App. No. C–990174, unreported, 2000 WL 192138. A trial court abuses its discretion if its decision is unreasonable, arbitrary, or unconscionable. See *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 5 OBR 481, 450 N.E.2d 1140; *Carr v. Blake, supra.* An appellate court will not disturb a trial court's exercise of its discretion if its decision is supported by a sound reasoning process. See *AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp.* (1990), 50 Ohio St.3d 157, 553 N.E.2d 597; *Carr v. Blake, supra.*

In *Persinger v. Miller* (Mar. 8, 1993), Darke App. No. 1305, unreported, 1993 WL 65750, the Second District Court of Appeals held that the trial court did not abuse its discretion by applying the child-support guidelines contained in R.C. 3113.215, which became effective in 1990, to calculate a child-support arrearage for years prior to the effective date of the statute. The appellate court pointed out that R.C. 3113.215 does not limit the use of its schedule and worksheet to prospective child support. In addition, R.C. 3113.215 allows the trial court to deviate from the schedule and worksheet if it is in the best interests of the child. The *Persinger* court stated:

"[I]t appears that Miller may be arguing that the use of current guidelines to calculate past child support is fundamentally unfair, because of intervening increases in the cost of living. Any unfairness is, in our view, more than offset by the fact that Miller has retained use of the money during the intervening years, and no interest has been awarded.

"We find that Miller's obligation was properly calculated, as Miller conceded in the trial court, and that the trial court did not err in using the payment schedule and worksheet in R.C. 3113.215 to calculate child support arrearage pre-dating the statute."

In *Seegert v. Zietlow* (1994), 95 Ohio App.3d 451, 642 N.E.2d 697, the Eighth District Court of Appeals held that the trial court did not abuse its discretion by calculating back child support for the years 1985 through 1993 using the R.C. 3113.215 guidelines and worksheet, with reference to the applicable law for each respective year. The trial court properly calculated the support based on the parties' earnings for each year in light of the "dramatically changed" financial situation of the parties since the child's birth.

In the case *sub judice,* the trial court completed a child-support worksheet for each year from 1979 to 1992, construing the evidence of the parties' respective incomes in Price's favor. The court then added the yearly amounts to calculate Price's child-support arrearage. The trial court stated:

"Old guidelines, now modified by the legislature are of little help, as they do not adequately chart the income levels present in this case, and would involve very small differences, if any, in the overall back support amount. The current support chart encompasses incomes up to $150,000 and is the best usable method to systematically determine child support of so many years ago, considering income and expense inflation and vague memories."

We hold that the trial court did not abuse its discretion by applying the R.C. 3113.215 child-support guidelines to calculate back support for the years prior to 1990, the effective date of the statute. The trial court's decision was based upon the evidence in the record and supported by a sound reasoning process. It was not arbitrary, unreasonable, or unconscionable. The first assignment of error is overruled.

Price's second assignment of error alleges that the trial court erred by calculating a different amount of back child support for each year to increase Price's support obligation absent evidence that a deviation factor or modification was warranted.

Initially, we note that Price's support obligation did not increase in each successive year. His support obligation for certain years was less than that of the respective prior years. The trial court based its calculation of the amount of support owed for each year upon the parties' respective incomes in that year. Price argues that this amounted to a yearly modification of Price's child-support obligation without the petition and notice required for modification under R.C. 3113.21(M)(4).

In *O'Neill v. O'Neill* (May 20, 1999), Cuyahoga App. No. 73407, unreported, 1999 WL 322710, the Eighth District Court of Appeals addressed the difference between initial support orders in parentage cases and modification of existing support orders. In distinguishing its prior decision in *Seegert v. Zietlow, supra,* the *O'Neill* court stated:

"[I]n [*Seegert*], the trial court was not dealing with a modification but was establishing the initial support obligation.  Therefore, at that time the parent seeking support would have no need to file a motion for modification of support based on an increase in the other parent's income, as the issue of support was not yet determined because paternity had just been established.  [*Seegert*] did not deal with a fluctuation in income pending a modification of child support."

In the instant case, paternity "had just been established," and the trial court was determining the amount of back child support Price was obligated to pay.  No prior support order had been made for any of the years in question. Therefore, there was no existing support order to be modified.

We hold that an order for back child support in a parentage action is an initial support order and not an existing support order subject to modification.  Price's second assignment of error is overruled.  The judgment of the. trial court is affirmed.

*Judgment affirmed.*

GORMAN and WINKLER, JJ., concur.