DECISION
{¶ 1} Plaintiff-appellant Carol Sapinsley, n.k.a. Carol Sarver ("Sarver"), appeals from the trial court's order denying her motion to modify child support. Because it failed to prepare a child-support worksheet, as required by R.C. 3119.79(A), and to make it a part of the record when it denied Sarver's motion, the trial court's judgment is reversed.
 {¶ 2} When Sarver and defendant-appellee Thomas Sapinsley divorced in November 2002, the trial court entered a decree of divorce and a final decree of shared parenting for their two children, which included a child-support worksheet. The worksheet identified each party's annual income at $100,000 and calculated an annual child-support obligation for each party of $10,986. The parties agreed in the shared-parenting plan that they had comparable incomes, equal shares of parenting time, and individual responsibility for the children's expenses, and that it was in the best interests of the children for there to be no exchange of child support. Therefore the annual child-support obligation was adjusted to zero from $10,986.
 {¶ 3} On February 23, 2004, Sarver filed a motion to modify child support. She alleged that due to a substantial change in circumstances that had not been contemplated at the time of the divorce, the trial court should order Sapinsley to pay child support. Sarver stated that the $100,000 income she expected to receive per year from Oldfield Pump, her former employer and a company in which she owned a 36% share, had not materialized, as Oldfield was not generating enough income to adequately compensate her. Sarver had not been employed since 2001. She had no income in 2002, approximately $2,000 in 2003, and no income for 2004 as of the hearing on the motion.
 {¶ 4} The trial court held a hearing on Sarver's motion on September 21, 2004. At the hearing, the parties orally agreed that the only issue before the trial court was whether a change of circumstances had occurred that would permit the trial court to modify the current support order. If the trial court determined that a change of circumstances had occurred, the parties proposed that they would present evidence at a second hearing on the issue of the amount of child support that should be ordered.
 {¶ 5} On January 10, 2005, the trial court denied Sarver's motion. The trial court found that Sarver had failed to demonstrate a substantial change in circumstances and noted that, contrary to Sarver's assertion, the condition of Oldfield had actually improved. The trial court stated, "This is not to say that [Sarver] is never able to come to this Court and receive child support because of the imputed income of $100,000." The trial court said it would reconsider modification of support if Sarver chose to become employed or if the financial position of Oldfield dropped below what it was at the time of the divorce. But in reaching its conclusions, the trial court did not make or complete a child-support worksheet.
 {¶ 6} In two interrelated assignments of error, Sarver argues that the trial court erred in reaching its decision denying a modification of child support without first completing a child-support worksheet. Specifically, Sarver contends that, without a completed worksheet in the record, this court cannot review what income, if any, the trial court imputed or assigned to Sarver, and whether the trial court properly applied the 10-percent test for determining if a change of circumstances had occurred to permit a support modification.
 {¶ 7} R.C. 3119.79(A) states, "If an obligor or obligee under a child support order requests that the court modify the amount of support required to be paid pursuant to the child support order, the court shall recalculate the amount of support that would be required to be paid under the child support order inaccordance with the schedule and the applicable worksheet
through the line establishing the actual obligation. If that amount as recalculated is more than ten percent greater than or more than ten percent less than the amount of child support required to be paid pursuant to the existing child support order, the deviation from the recalculated amount that would be required to be paid under the schedule and the applicable worksheet shall be considered by the court as a change of circumstance substantial enough to require a modification of the child support order." (Emphasis added.) Thus, under R.C. 3119.79(A), in order to determine whether a change of circumstances has occurred, the trial court must complete a child-support worksheet. See Fieldsv. Fields, 9th Dist. No. 04CA0018-M, 2005-Ohio-471, at ¶ 21.
 {¶ 8} The principal purpose for employing the worksheet and including it in the record is to afford meaningful appellate review of the trial court's actions. See Marker v. Grimm
(1992), 65 Ohio St.3d 139, 142, 601 N.E.2d 496. However, a completed worksheet also ensures that the trial court has evaluated the correct factors in setting child-support obligations beginning with a computation of the parents' incomes. See Carr v. Blake (Feb. 18, 2000), 1st Dist. No. C-990174.
 {¶ 9} "When modification of an existing support order is requested, the court must complete a child support worksheet, recalculating the amount of support required through the line establishing the actual obligation." Dickson v. Dickson, 12th Dist. No. CA2001-11-094, 2002-Ohio-2181, at ¶ 17, citing R.C.3119.79; see, also, Trenkamp v. Trenkamp (Dec. 1, 2000), 1st Dist. No. C-000203 (interpreting former R.C. 3113.215, which governed child-support modification prior to being repealed and replaced by R.C. 3119.79, which became effective March 22, 2001). Unlike the situation in Carr v. Blake, where an extensive record was available for review, including the parties' proposed child-support worksheets, the trial court's written decision in this case did not clearly identify Sarver's income, imputed or otherwise, at the time her motion was made.
 {¶ 10} Moreover, without a completed worksheet, we cannot say whether the trial court correctly applied the ten-percent test. "The appropriate method for calculating whether the ten-percent requirement has been met is to take the existing child-support worksheet underlying the support order and substitute the parties' new financial information for that contained in the worksheet, employing the same calculations as those used for the original order. If the amount as recalculated is more than ten percent greater or ten percent less than the amount of support due under the existing order, it shall constitute a change of circumstance substantial enough to require a modification of the child-support order. See R.C. 3119.79(A)." Thompson v. Boivin,
1st Dist. No. C-010697, 2002-Ohio-4628, at ¶ 16. The first and second assignments of error are sustained.
 {¶ 11} Sarver's third assignment of error, in which she claims that the trial court abused its discretion by failing to make an explicit finding that she was unemployed or underemployed before imputing income to her, is overruled. Sarver correctly notes that a trial court abuses its discretion when it imputes income to a child-support obligor, pursuant to R.C. 3119.01(C), without first evaluating the statutory factors and then finding that the obligor is voluntarily unemployed or voluntarily underemployed. See Beckworth v. Westendorf, 1st Dist. No. C-020804, 2003-Ohio-5955, at ¶ 12; see, also, Trenkamp v.Trenkamp. Here, however, the trial court made findings, supported in the record, that Sarver had been voluntarily unemployed for 11 months prior to executing the agreed shared-parenting plan, and that she had remained voluntarily unemployed until the time of the hearing.
 {¶ 12} Because the trial court did not strictly comply with the terms of R.C. 3119.79 by completing a child-support worksheet and including it in the record, we must reverse its judgment and remand this case for further proceedings in accordance with law.
Judgment reversed and cause remanded.
Hildebrandt, P.J., Gorman and Sundermann, JJ.