SAPINSLEY, n.k.a. Sarver, Appellant,

v.

SAPINSLEY, Appellee.

[Cite as *Sapinsley v. Sapinsley,* 171 Ohio App.3d 74, 2007-Ohio-1320.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–060371.

Decided March 23, 2007.

Moskowitz & Moskovitz and James H. Moskowitz, for appellant.

Statman, Harris & Eyrich, L.L.C., and Alan J. Statman, for appellee.

DINKELACKER, Judge.

{¶ 1} Plaintiff-appellant, Carol Sapinsley, n.k.a Carol Sarver, appeals from the trial court's order denying her motion to modify child support. We reverse the trial court's judgment.

{¶ 2} When Sarver and defendant-appellee, Thomas Sapinsley, were divorced in 2002, they agreed to a shared-parenting plan, which included a child-support worksheet. The parties agreed that they had comparable incomes, equal shares of parenting time, and separate responsibility for the children's expenses. Under this agreement, $100,000 of income was imputed to Sarver, since she had not been employed since 2001. The parties also agreed that it would be in the children's

best interest for neither party to pay child support, and thus, that they would deviate from the guideline amount to provide zero child support.

{¶ 3} Subsequently, Sarver filed a motion to modify child support in which she alleged that a substantial change of circumstances had occurred since the time of the decree. She contended that the $100,000 of income she had expected to receive per year from Oldfield Pump, a business in which she owned a substantial interest, had never materialized because Oldfield was not generating enough income to compensate her.

{¶ 4} The parties agreed to bifurcated proceedings before the trial court. Under this agreement, the only issue the court would consider at an initial hearing was whether a change of circumstances had occurred that would permit the court to modify the child-support order. Then, if it determined that a change of circumstances had occurred, the parties would present evidence at a later hearing on the amount of child support the court should order. Following the first hearing, the trial court journalized an entry stating that no change of circumstances had occurred and dismissing Sarver's motion to modify.

{¶ 5} Sarver appealed to this court. We held that the trial court erred by failing to "strictly comply with the terms of R.C. 3119.79 by completing a child-support worksheet and including it in the record." We reversed its judgment and remanded the cause for further proceedings.[1]

{¶ 6} On remand, the trial court amended its prior entry to add a child-support worksheet. In that worksheet, it listed Sapinsley's income as $110,000 and Sarver's income as $100,000. It provided for a deviation from the child support due under the worksheet and set child support at zero. This appeal followed.

{¶ 7} Sarver presents four assignments of error for review. In her first assignment of error, she contends that the trial court erred when it found that a change of circumstances had not occurred. She argues that the ten-percent test in R.C. 3119.79(A) is the only test that a court can use to determine whether a change of circumstances had occurred that would permit modification of a child-support order. She further argues that she met the ten-percent test, and, therefore, a change of circumstances had occurred. Because we agree that she showed a change of circumstances under the ten-percent rule, we find that this assignment of error is well taken.

{¶ 8} Generally, decisions regarding child support lie within the trial court's discretion. An appellate court will not reverse the trial court's decision absent an abuse of discretion.[2] But the court's discretion is not unfettered. The

---

1. *Sapinsley v. Sapinsley*, 1st Dist. No. C–050092, 2005-Ohio-6773, 2005 WL 3484637, ¶ 12.

2. *Pauly v. Pauly* (1997), 80 Ohio St.3d 386, 390, 686 N.E.2d 1108; *Crawley–Kinley v. Price* (2000), 145 Ohio App.3d 285, 288, 762 N.E.2d 1019.

statutory child-support guidelines are mandatory and must be followed literally and technically in all material respects.[3]

{¶ 9} When modifying an existing child-support order, a trial court must find that a change of circumstances has occurred.[4] R.C. 3119.79(A) provides that "[i]f an obligor or obligee under a child support order requests that the court modify the amount of support required to be paid pursuant to the child support order, the court shall recalculate the amount of support that would be required to be paid under the child support order in accordance with the schedule and the applicable worksheet through the line establishing the actual annual obligation. If that amount as recalculated is more than ten per cent greater than or more than ten per cent less than the amount of child support required to be paid pursuant to the existing child support order, the deviation from the recalculated amount that would be required to be paid under the schedule and the applicable worksheet shall be considered by the court as a change of circumstance substantial enough to require a modification of the child support amount."

{¶ 10} The appropriate method for calculating whether the ten-percent requirement has been met is to take the existing child-support worksheet underlying the support order and substitute the parties' new financial information for that contained in the worksheet, employing the same calculations as those used for the original order. If the amount as recalculated is more than ten percent greater or ten percent less that the amount of support due under the existing order, it constitutes a change of circumstances substantial enough to require a modification of the child-support order.[5]

{¶ 11} First, we reject Sarver's contention that meeting the ten-percent test is the only way to show a change of circumstances. The statute itself provides that a court may modify child support when it finds one of the following: (1) a ten-percent deviation from the previous child-support order, (2) a support amount that does not meet the child's medical needs, or (3) a substantial change of circumstances that was not contemplated at the time of the original child-support order.[6] Each provides an independent basis permitting modification of an existing child-support order.[7]

---

3. *Marker v. Grimm* (1992), 65 Ohio St.3d 139, 601 N.E.2d 496, paragraph two of the syllabus; *In re Westendorf,* 1st Dist. No. C–020804, 2003-Ohio-5955, 2003 WL 22519535, at ¶ 10.

4. *Farmer v. Farmer,* 9th Dist. No. 03CA0115–M, 2004-Ohio-4449, 2004 WL 1882654, at ¶ 10.

5. *Sapinsley,* supra, at ¶ 10.

6. R.C. 3119.79(A), (B) and (C); *Roche v. Roche* (Mar. 19, 2002), 7th Dist. No. 01 C.A. 3, 2002 WL 924614, ¶ 19.

7. *Karales v. Karales,* 10th Dist. No. 05AP–856, 2006-Ohio-2963, 2006 WL 1629005, ¶ 15.

{¶ 12} This court has recognized this principle without specifically stating so. In *Thompson v. Boivin*,[8] we held that the husband failed to meet the ten-percent test and was not entitled to a reduction in child support on that basis.[9] But we went on to hold that the trial court erred in dismissing the husband's motion to reduce child support "without affording him an opportunity to present evidence as to any change in circumstances, other than the ten-percent rule of R.C. 3119.79(A), that would justify a reduction in his child-support obligation."[10]

{¶ 13} Therefore, we hold that the trial court did not err in looking to see whether another change of circumstances had occurred beyond that involved in the ten-percent rule, although practically it does not make much difference in this case. We turn now to Sarver's argument that she has satisfied the ten-percent test.

{¶ 14} R.C. 3119.79(A) requires the court to recalculate the amount of support using the parties' new financial information "through the line establishing the actual obligation," which is line 23a on the child-support worksheet. Then the statute states that the court must determine if the amount on line 23a is more than ten percent more or less "than the amount of child support required to be paid pursuant to the existing child support order," which would be set forth on line 25 of the original child-support worksheet.[11]

{¶ 15} We realize that comparing line 23a of the new worksheet to line 25 of the old worksheet is comparing apples to oranges, but we must follow the statute's plain language.[12] We also realize that when a court sets a zero-support order, a change of circumstances can occur anytime, and that the parties agree to such an order at their peril.

{¶ 16} The Ohio Supreme Court has recognized this fact. It stated, "Obviously, when the amount of child support provided by the noncustodial parent is zero, but the Child Support Guidelines clearly establish that the noncustodial parent owes support, then that ten percent difference is clearly met."[13] This reasoning would apply in a shared-parenting case as well.

---

8. *Thompson v. Boivin*, 1st Dist. No. C–010697, 2002-Ohio-4628, 2002 WL 2030862.

9. Id. at ¶ 17.

10. Id. at ¶ 19.

11. R.C. 3119.79(A).

12. See *Akron Mgmt. Corp. v. Zaino* (2002), 94 Ohio St.3d 101, 760 N.E.2d 405.

13. *DePalmo v. DePalmo* (1997), 78 Ohio St.3d 535, 540, 679 N.E.2d 266.

**80**

{¶ 17} In this case, the actual annual obligation on line 23a of the new worksheet was $11,403. The existing annual child-support order on line 25 of the previous worksheet was zero. More than a ten-percent difference existed between these two figures. Therefore, the trial court erred in finding that Sarver had failed to show a change of circumstances, and we sustain her first assignment of error.

{¶ 18} In her second assignment of error, Sarver contends that the trial court abused its discretion by failing to follow the statutory guidelines in R.C. 3119.01(C)(11) when it imputed income to her. She raised this same assignment of error in the previous appeal. We overruled it, stating that "the trial court made findings, supported in the record, that Sarver had been voluntarily unemployed for 11 months prior to executing the agreed shared-parenting plan, and that she had remained voluntarily unemployed until the time of the hearing." [14] Because this issue has already been determined, it is res judicata.[15] Therefore, we overrule Sarver's second assignment of error.

{¶ 19} In her third assignment of error, Sarver contends that the trial court erred by failing to include Sapinsley's monthly car allowance as income in calculating child support. She argues that the court must include in the calculation all earned and unearned income from all sources during a calendar year, whether or not the income is taxable. This assignment of error is well taken.

{¶ 20} In a case involving shared parenting, the trial court calculates child support using the worksheet set forth in R.C. 3119.022.[16] That worksheet begins its calculations with the parties' annual gross income. R.C. 3119.01(C)(7) defines "gross income" as "the total of all earned and unearned income from all sources during a calendar year, whether or not the income is taxable."

{¶ 21} Sapinsley concedes that his $400 per month car allowance should have been included in his gross income. He contends, though, that any error was harmless because it was offset by an automobile lease paid for by Sarver's company, which was not included in Sarver's gross income. But Sarver testified that for the last couple of years, she and her husband had paid for that

14. *Sapinsley*, supra note 1, at ¶ 11.

15. See *Grava v. Parkman Twp.* (1995), 73 Ohio St.3d 379, 653 N.E.2d 226, syllabus; *Cox v. Cox* (1998), 130 Ohio App.3d 609, 615–616, 720 N.E.2d 946; *Keck v. Masters* (Dec. 31, 1996), 1st Dist. No. C–940967, 1996 WL 741975.

16. R.C. 3119.24(A); *Kost v. Gembus*, 11th Dist. No.2005–L–118, 2007-Ohio-895, 2007 WL 635460, at ¶ 73.

automobile. Therefore, the evidence showed that the car allowance was not offset.

{¶ 22} We cannot hold that the error was harmless. The car allowance amounts to $4,800 per year and affects the child-support calculations on the worksheet. Therefore, the trial court abused its discretion in failing to include Sapinsley's car allowance in his gross income, and we sustain Sarver's third assignment of error.

{¶ 23} In her fourth assignment of error, Sarver contends that the trial court abused its discretion by failing to follow the statutory guidelines when it deviated from the amount of child support dictated by the child-support guidelines. She argues that the trial court never held a hearing or heard evidence on the issue of deviation and could not have made the statutory findings. We agree.

{¶ 24} The amount of child support calculated using the child-support guidelines and worksheet is rebuttably presumed to be the correct amount of child support, although the trial court may deviate from that amount.[17] R.C. 3119.24(A) applies in the case of shared parenting. Under that statute, the court may deviate from the amount of child support in the worksheet if it determines that the guideline amount "would be unjust or inappropriate to the children or either parent and would not be in the best interest of the child because of the extraordinary circumstances of the parents or because of any other factors or criteria" listed in R.C. 3119.23.[18]

{¶ 25} R.C. 3119.24(B) defines "extraordinary circumstances of the parents."[19] R.C. 3119.23 provides a list of the statutory criteria a court may consider when determining whether to deviate from the child-support schedule.[20]

{¶ 26} In this case, the trial court bifurcated the proceedings upon the parties' agreement. It first heard the issue of whether a change of circumstances had occurred and postponed hearing evidence on the issue of whether a deviation was appropriate to a later date. Because the court had concluded that no change of circumstances had occurred, it specifically stated that it would not hold a hearing on the issue of deviation.

17. R.C. 3119.03; *Collette v. Baxter*, 9th Dist. No. 23195, 2006-Ohio-6555, 2006 WL 3616716, at ¶ 18–19; *Karales*, supra note 7, at ¶ 13.

18. *Collette*, supra, at ¶ 19; *Bockhorn v. Bockhorn*, 2nd Dist. No.2005–CA–145, 2006-Ohio-6226, 2006 WL 3411866, at ¶ 22–24.

19. *Collette*, supra, at ¶ 19.

20. Id. at ¶ 20; *Bockhorn*, supra, at ¶ 24.

{¶ 27} Yet after we remanded the cause for the court to complete a child-support worksheet and include it in the record, it filled out the deviation section of the worksheet without hearing evidence on whether a deviation from the guideline amount was appropriate. Without hearing evidence on the issue, it could not have properly considered the factors and made the findings required by R.C. 3119.23 and 3119.24.

{¶ 28} Consequently, we hold that the trial court erred in ordering a deviation from the guideline amount of child support without hearing evidence on the issue. We do not hold that a deviation would not be appropriate. A deviation may well be called for under the evidence, but the court must make the findings called for in the statute based upon that evidence. Consequently, we sustain Sarver's fourth assignment of error.

{¶ 29} In sum, we reverse the trial court's judgment. We remand the cause for the trial court (1) to enter a finding that a change of circumstances had occurred, (2) to calculate the amount of support due under the worksheet with Sapinsley's car allowance included in his gross income, and (3) to hold a hearing and take evidence on whether a deviation is justified under the statutory guidelines.

Judgment reversed
and cause remanded.

SUNDERMANN, P.J., and HENDON, J. concur.