OPINION.
{¶ 1} Appellants Nathan Bell and Pamela Henderson, in their capacities as guardians ad litem for Maryah Spencer, Sarya Jones, Kymahn Spencer, Emia Spencer, and Aneayah Jones ("the children"), appeal the judgment of the Hamilton County Juvenile Court adopting a magistrate's decision denying their motion to exclude the press and the public from a dispositional hearing in a dependency proceeding. Because the trial court did not abuse its discretion in adopting the magistrate's decision, we affirm.
 {¶ 2} Without objection, the children had been adjudicated dependent following the sexual abuse of several of them by their mother's husband, Daniel Jones. At the dispositional hearing, the children's mother, Latecia L. Spencer, had made allegations that employees of Lifeways for Youth, and of appellee the Hamilton County Department of Job and Family Services ("HCJFS"), had abused unidentified children in their care. These claims prompted appellee The Cincinnati Enquirer to send a reporter to cover the dispositional hearing.
 {¶ 3} At a November 2006 hearing, the guardians and the HCJFS made an oral objection to the reporter's presence. The magistrate permitted the reporter to remain at the hearing but imposed restrictions on publishing information that would reveal the children's identities.
 {¶ 4} On January 9, 2007, the reporter again appeared and the guardians again objected. While the guardians failed to file a written motion as required by the juvenile court's local rules, the magistrate conducted a hearing on their oral motion.[1] The hearing included testimony from one of the children's therapist and argument from the guardians *Page 2 
and from The Cincinnati Enquirer's counsel. Following the motion hearing, the magistrate denied the guardians' motion to close the hearing, allowed the reporter to remain, ordered its prior restrictions to remain in place, and further ordered that no party should inform the children of the media coverage of the hearing. The dispositional hearing continued, and the reporter heard the therapist's testimony. The magistrate ultimately committed her decision to writing.
 {¶ 5} The guardians filed a written objection to the magistrate's decision. Without receiving new evidence, the trial court heard argument, overruled the objection, and adopted the magistrate's decision.
 {¶ 6} We disagree with The Cincinnati Enquirer's argument that this appeal is moot because the dispositional hearing has already occurred. Because the guardians' motion sought not only to close the January 9, 2007, hearing, but also to enjoin The Cincinnati Enquirer from publishing information about the hearing in the future, the appeal is not moot.[2]
 {¶ 7} In their sole assignment of error, the guardians assert that the magistrate abused her discretion in denying their motion to close the hearing, and that the trial court erred in adopting the magistrate's decision. They also contend that the trial court's judgment must be reversed because the magistrate employed an incorrect legal standard to justify her decision. The guardians claim that in the closure hearing the magistrate had stated that trial court proceedings were presumptively open to the public.
 {¶ 8} Juvenile courts have discretion to exclude the general public from juvenile proceedings.[3] But the proceedings "are neither presumed open nor *Page 3 
presumed closed. "[4] A juvenile court's decision to permit or to limit public access to a juvenile hearing will not be reversed absent an abuse of discretion.[5] To abuse its discretion, the court must have acted unreasonably, arbitrarily, or unconscionably.[6] If, however, the juvenile court's exercise of its discretion exhibited a sound reasoning process that supported its decision, this court will not disturb the decision.[7]
 {¶ 9} Restricting public or press access to a dependency proceeding is appropriate if, "after hearing evidence and argument on the issue, the court finds that (1) there exists a reasonable and substantial basis for believing that public access could harm the child or endanger the fairness of the adjudication, (2) the potential for harm outweighs the benefits of public access, and (3) there are no reasonable alternatives to closure."[8] The burden of establishing these factors is on the party seeking closure of the dependency proceeding.[9]
 {¶ 10} Our review of the guardians' assignment of error is even more narrowly constrained based on the record provided for review. An objection to a magistrate's factual finding must be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding.[10] While the trial court indicated in this case that it had reviewed a transcript of the magistrate's proceedings before it ruled on the objection, the guardians had not caused an official transcript of that hearing to be filed with the *Page 4 
juvenile court in the manner prescribed by Juv. R. 40(D)(3)(b)(iii). The rule places a mandatory obligation on the objecting party to file a transcript with the trial court within 30 days unless that time is extended in writing by the juvenile court.[11]
 {¶ 11} The guardians bear the burden of demonstrating error below. But in the absence of a properly filed transcript, the trial court and this court must presume the regularity of the magistrate's factual findings.[12] And while the guardians did cause a certified transcript of the magistrate's hearing to be filed in the juvenile court and in this court on May 18, 2007 — four months after the magistrate's hearing and more than two months after the juvenile court's hearing on their objection — we cannot consider on appeal evidentiary materials that were not properly before the trial court and are thus not properly a part of the record on review.[13] We therefore presume the regularity of the proceedings in regard to the challenged factual findings.[14] But we must still review the proceedings below to ensure that the trial court had properly "undertake[n] an independent review * * * to ascertain that the magistrate * * * appropriately applied the law" to the facts.[15]
 {¶ 12} Here, we hold that the trial court's judgment adopting the magistrate's decision denying the guardians' motion was supported by a sound reasoning process and was not an abuse of its discretion. There is no evidence or allegation in the record that any party had violated the magistrate's restrictions. The trial court identified the proper presumption on closure and thus cured any taint *Page 5 
from the magistrate's alleged error. The court appropriately considered the potential harm to the children and the benefits of public access, and acknowledged that the magistrate's restrictions were a reasonable alternative to closure.
 {¶ 13} The assignment of error is overruled.
 {¶ 14} Therefore, the judgment of the juvenile court is affirmed.
Judgment affirmed.
SUNDERMANN, P.J., and DINKELACKER, J., concur.
[1] Loc. R. 15 of the Hamilton County Juvenile Court.
[2] See State ex rel. Dispatch Printing Co. v. Louden,91 Ohio St.3d 61, 64, 2001-Ohio-268, 741 N.E.2d 517.
[3] See Juv. R. 27 and R.C. 2151.35.
[4] State ex rel. Plain Dealer Publishing Co. v. Floyd,111 Ohio St.3d 56, 2006-Ohio-4437, 855 N.E.2d 35, at ¶ 27.
[5] See In re T.R. (1990), 52 Ohio St.3d 6, 21, 556 N.E.2d 439.
[6] See State ex rel. Plain Dealer Publishing Co. v. Geauga Cty. Courtof Common Pleas, Juvenile Div., 90 Ohio St.3d 79, 82, 2000-Ohio-35,734 N.E.2d 1214; see, also, Huffman v. Hair Surgeon, Inc. (1985),19 Ohio St.3d 83, 87, 482 N.E.2d 1248.
[7] See AAAA Enterprises, Inc. v. River Place Community UrbanRedevelopment Corp. (1990), 50 Ohio St.3d 157, 161, 553 N.E.2d 597.
[8] State ex rel. Plain Dealer Publishing Co. v. Floyd,2006-Ohio-4437, at ¶ 27, quoting State ex rel. Plain Dealer PublishingCo. v. Geauga Cty. Court of Common Pleas, Juvenile Div.,90 Ohio St.3d at 85; see, also, In re T.R. at paragraph three of the syllabus.
[9] See State ex rel. Plain Dealer Publishing Co. v. Floyd,2006-Ohio-4437, at ¶ 27.
[10] See Juv. R. 40(D)(3)(b)(iii); see, also, In re Seldon/BoydChildren, 1st Dist Nos. C-070440, C-070441, and C-070481,2007-Ohio-5123, at ¶ 9.
[11] See Juv. R. 40(D)(3)(b)(iii).
[12] See In re Welch, 1st Dist. No. C-020066, 2002-Ohio-2102; see, also, In re Martin (Aug. 11, 2000), 1st Dist. No. C-990517.
[13] See State ex rel. Duncan v. Chippewa Twp. Trustees,73 Ohio St.3d 728, 730, 1995-Ohio-272, 654 N.E.2d 1254 (an appellate court is precluded from considering the transcript of a magistrate's hearing filed for the first time with the appellate record); see, also,State v. Ishmail (1978), 54 Ohio St.2d 402, 377 N.E.2d 500.
[14] See App. R. 9; see, also, Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 400 N.E.2d 384.
[15] Juv. R. 40(D)(4)(d). *Page 1