DECISION *Page 2 
{¶ 1} In appeal number C-070293, plaintiff-appellant/cross-appellee Melissa Gayle Powers appeals from the March 27, 2007, entry of the domestic relations court overruling her objections to the decision of a magistrate ordering her to pay child support to defendant-appellee/cross-appellant, Todd William Powers, in the amount of $356.97 per month. In appeal number C-070297, Todd challenges the same entry, contending that the court erred to his detriment in computing the amount of the child-support order and in failing to award him attorney fees. Because we conclude that the trial court erred in establishing the effective date of the order requiring child-support payments from Melissa, we reverse only that portion of the trial court's entry. We affirm the entry in all other respects.
 {¶ 2} The Powers' marriage ended with a decree of divorce in March 1998. They entered into a shared-parenting plan conferring mutual rights and responsibilities for the care of their two minor children. Their daughter was placed in the primary care of Melissa and their son in the care of Todd. In late 2004, the parties entered into an agreement purporting to provide that neither party owed the other child support because each had primary custody of one of the children.
 {¶ 3} In July 2005, Todd moved the court for full custody of their daughter, at least in part to allow her to attend school in Todd's school district. The court denied the motion for legal custody but, inter alia, ordered the shared-parenting plan to continue as modified to reflect that the daughter could remain with Todd to attend school. The court also referred the case to a magistrate "to determine the amount of support [Melissa] should pay [Todd] based on the standard calculation worksheet." *Page 3 
 {¶ 4} After an evidentiary hearing, the magistrate made findings of fact and conclusions of law, completed the appropriate child-support worksheet, and ordered Melissa to pay $356.97 in monthly child support. Both parties filed objections to the magistrate's decision. The trial court overruled the objections and adopted the magistrate's decision.
 {¶ 5} In these consolidated appeals, Melissa raises two assignments of error. She first contends that the trial court erred in adopting the magistrate's decision and thereby refusing to enforce a no-child-support agreement reached by the parties in 2004. Melissa argues that the trial court's decision to require child support was a breach of the contract entered into by the parties to permit their daughter to reside with Todd and to allocate tax exemptions in exchange for an agreement that neither party would pay child support to the other.
 {¶ 6} First, it is the appellant's obligation to present a record demonstrating the errors complained of[1] and to identify where in that record each error is reflected.[2] While Melissa admits that the agreement is not part of the record, she directs this court's attention[3] to a November 24, 2004, entry that she claims reflects the agreement about their daughter's custody and their child-support obligations. This document, however, nowhere mentions their daughter, but it does purport to change the custody of their son.
 {¶ 7} Next, because agreements between the parties over child support "may be in the best interests of the parents but not of the child,"[4]
the trial court did not abuse its discretion when it adopted the magistrate's decision invalidating the agreement and *Page 4 
ordering child support after completion of a child-support worksheet[5] Melissa's first assignment of error is overruled.
 {¶ 8} Melissa's second assignment of error, in which she claims that the trial court erred in modifying child support from the agreed zero-support amount because there had not been a ten-percent change "in the income of the parties," is overruled. "The ten percent difference applies to the change in the amount of child support, not to the change in circumstances of the parents."[6] In Sapinsley v. Sapinsley, we recognized that "a change of circumstances can occur anytime" when modifications are sought to a zero-support order.[7] Here, the trial court did not err because more than a ten-percent difference existed between the actual annual obligation listed on line 23a of the magistrate's worksheet and the existing annual child-support order on line 25 of the previous worksheet.[8] Melissa's second assignment of error is without merit.
 {¶ 9} Todd raises two assignments of error in his appeal from the trial court's March 27, 2007, entry. In his first assignment of error, Todd asserts that the trial court erred in computing an adjustment to his income for child care, and that the court erred in establishing June 30, 2006, as the effective date of the child-support obligation.
 {¶ 10} Decisions regarding child support lie within the trial court's discretion. An appellate court will not reverse the trial court's decision absent an abuse of discretion.[9] Here, the trial court adopted the magistrate's decision, which had found that Todd paid $3,900 per year in child-care expenses to his mother. Finding that Todd "lives rent free, courtesy of his mother," the magistrate added the annual child-care expense as an *Page 5 
adjustment to Todd's income and then reduced Melissa's actual annual support obligation by the full $3,900 amount, reduced in turn by the value of the tax credit of the annual cost.
 {¶ 11} In applying the abuse-of-discretion standard of review, we are not free to substitute our judgment for that of the trial court.[10]
Because the trial court's adoption of the magistrate's calculation exhibited a sound reasoning process under R.C. 3119.24 that supported its decision, this court will not disturb that determination.[11]
 {¶ 12} Next, Todd correctly notes that a trial court should ordinarily make an order altering a child-support obligation effective as of the date the opposing party had notice of the request to alter child support. If it does not, the court must provide reasons for choosing another date.[12] Here, the record reflects that Melissa received notice of Todd's intent to alter child support on August 4, 2005. As no reason supporting the June 2006 date appears of record, we hold that the trial court abused its discretion in fixing the effective date of the child-support obligation. That portion of Todd's first assignment of error challenging the effective date of the child-support obligation is sustained.
 {¶ 13} Todd's second assignment of error, in which he contends that the trial court refused to investigate alleged misconduct by Melissa and refused to award attorney fees, is overruled. The record does not reflect that Todd moved for sanctions under Civ.R. 11. While Todd orally informed the trial court of his desire for fees during the March 22, 2007, hearing, he did not move for sanctions and did not present any evidence justifying consideration of a fee award. While a motion seeking sanctions is not required in all cases because a party may be subjected to appropriate action "upon the court's own motion," *Page 6 
where, as here, a party suggests that it will seek sanctions and then takes no additional steps in conformity with the rule, we cannot say that the trial court abused its discretion in failing to impose sanctions pursuant to Civ.R. 11.[13]
 {¶ 14} In sum, based on our resolution of Todd's first assignment of error, that part of the trial court's entry fixing the effective date of the child-support obligation as June 30, 2006, is reversed, and this case is remanded to the trial court for it to establish the effective date as August 4, 2005, and to recompute accordingly the total amount of Melissa's child-support obligation to Todd. The trial court's judgment is affirmed in all other respects.
Judgment accordingly.
SUNDERMANN, P. J., HILDEBRANDT and CUNNINGHAM, JJ.
[1] See App.R. 9(A).
[2] See App.R. 12(A)(2), 16(A)(3), and 16(A)(7).
[3] See Appellant's Brief at 3 and 8.
[4] Dickson v. Dickson, 12th Dist. No. CA2001-11-094, 2002-Ohio-2181, at ¶ 21.
[5] See Sapinsley v. Sapinsley, 171 Ohio App.3d 74, 2007-Ohio-1320,869 N.E.2d 702, at ¶ 8, citing Pauly v. Pauly, 80 Ohio St.3d 386, 390,1997-Ohio-105, 686 N.E.2d 1108, and Marker v. Grimm (1992),65 Ohio St.3d 139, 601 N.E.2d 496, paragraph two of the syllabus.
[6] DePalmo v. DePalmo, 78 Ohio St.3d 535, 540, 1997-Ohio-184,679 N.E.2d 266 (emphasis in original).
[7] Sapinsley v. Sapinsley at ¶ 15.
[8] See id. at ¶ 16-17.
[9] See Sapinsley v. Sapinsley at ¶ 8.
[10] See In re Jane Doe I (1991), 57 Ohio St.3d 135, 137-138,566 N.E.2d 1181, citing Berk v. Matthews (1990), 53 Ohio St.3d 161, 169,559 N.E.2d 1301.
[11] See AAAA Enterprises, Inc. v. River Place Community UrbanRedevelopment Corp. (1990), 50 Ohio St.3d 157, 161, 553 N.E.2d 597.
[12] See Torbeck v. Torbeck (Sept. 28, 2001), 1st Dist. No. C-010022.
[13] State ex rel. Fant v. Sykes (1987), 29 Ohio St.3d 65,505 N.E.2d 966. *Page 1