[Cite as *Hall v. Kuwatch*, 2011-Ohio-3050.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


CAROLINE A. HALL,                  :        APPEAL NO. C-100480
                                            TRIAL NO.  DR-0802336
    Plaintiff-Appellee,            :

 vs.                               :        *D E C I S I O N.*

KURT F. KUWATCH,                   :

    Defendant-Appellant.           :


Civil Appeal From:  Hamilton County Court of Common Pleas, Domestic Relations
                 Division

Judgment Appealed from is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  June 24, 2011


*Caroline Hall,* pro se,

*Steven J. McBeth*, for Defendant-Appellant.


Please note:  This case has been removed from the accelerated calendar.

Per Curiam.

{¶1}    Defendant-appellant Kurt F. Kuwatch appeals from the judgment of the Hamilton County Court of Common Pleas, Domestic Relations Division, reducing his child-support obligation but modifying the amount of support determined by a magistrate.  For the reasons that follow, we reverse the trial court's judgment, and we remand the case for the adoption of the magistrate's decision in full.

{¶2}    In December 2008, the domestic relations court dissolved the marriage of Kuwatch and plaintiff-appellee Caroline A. Kuwatch, n.k.a. Caroline A. Hall ("Hall").  The court also entered a decree of shared parenting for the parties' three children and ordered Kuwatch to pay monthly child support to Hall in the aggregate amount of $761.94.  At the time, Kuwatch had a job with a yearly salary of $60,000.  The child-support worksheet counted the premium for the children's medical insurance provided by Hall's employer as Hall's out-of-pocket medical insurance costs.  The final amount of child support reflected a deviation from the child-support guidelines based on several factors, including the medical condition of Kuwatch, a quadriplegic, and the medical costs associated with his condition.

{¶3}    In July 2010, Kuwatch moved the trial court to decrease his child-support obligation because he had lost his job and his severance package had expired.  Kuwatch had applied for Social Security Disability ("SSD") benefits and was determined to be totally disabled.  After his application for SSD was granted, Kuwatch was awarded a monthly benefit of $816 for himself and $205 for his children.

{¶4}    A magistrate held a hearing on Kuwatch's motion.  Subsequently, the magistrate completed a child-support worksheet and recalculated Kuwatch's "actual

annual child support obligation" based on Kuwatch's new income figures. This amount of support included Kuwatch's 17.13 percent share of the medical insurance costs for the children based on his proportionate share of the total family income. The magistrate additionally incorporated a downward deviation in the amount of $2,460 to reflect the amount of yearly SSD benefits for the children that Hall had been receiving directly. Ultimately, the magistrate issued a decision that reduced Kuwatch's aggregate child-support obligation to $52.76 per month.

{¶5} Hall filed objections to the magistrate's decision. She argued that Kuwatch had been "disabled" since 1988, long before the initial child-support order was issued and, therefore, that there had been "no change in circumstance in regards to [Kuwatch's] ability to obtain employment." Further, and relevant to this appeal, she urged the court that in the event that it accepted the magistrate's decision on the amount of child support, then the court should order Kuwatch to pay in addition one-half of the premium for the children's medical insurance provided by her employer. Hall did not challenge the factual basis for the magistrate's deviation—that Hall was directly receiving the children's monthly SSD benefits. And Hall did not file a transcript of the evidentiary hearing on Kuwatch's motion to modify child support.

{¶6} The trial court "sustain[ed]" part of Hall's objections and adopted the magistrate's decision with one modification. The court ordered Kuwatch to pay the monthly support amount determined by the magistrate and an additional $172 per month that represented "one-half of medical insurance costs." The trial court noted that Hall was to continue receiving the children's direct SSD benefit payments. This appeal followed.

{¶7} Kuwatch's sole assignment of error alleges that the trial court erred by modifying the monthly support amount determined by the magistrate. We agree.

{¶8} We review matters involving child support under an abuse-of-discretion standard.[1] A trial court abuses its discretion if its decision is unreasonable, arbitrary, or unconscionable.[2] An appellate court will not disturb a trial court's exercise of its discretion if its decision is supported by a sound reasoning process.[3]

{¶9} As provided in R.C. 3119.03, the amount of child support that is calculated pursuant to the basic child-support schedule and applicable worksheet is rebuttably presumed to be the correct amount of child support due. But in a case involving shared parenting, the court may deviate from the amount of child support in the worksheet if it determines that the guideline amount both (1) "would be unjust or inappropriate to the children or either parent" and (2) "would not be in the best interest of the child because of the extraordinary circumstances of the parents or because of any other factors or criteria" listed in R.C. 3119.23.[4]

{¶10} In this case, the magistrate heard the evidence to calculate the guideline amount, to determine that a deviation was appropriate, and to determine the amount of the deviation. Hall filed objections to the magistrate's decision, but she did not file a transcript of the evidentiary hearing or a substitute to support her objections.[5] Her failure to do so precluded the trial court from independently reviewing the objected-to matters to ascertain whether the magistrate had properly

---

[1] *Crawley-Kinley v. Price* (2000), 145 Ohio App.3d 285, 288, 762 N.E.2d 1019, citing *Booth v. Booth* (1989), 44 Ohio St.3d 142, 541 N.E.2d 1028.
[2] Id., citing *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140.
[3] Id., citing *AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp.* (1990), 50 Ohio St.3d 157, 553 N.E.2d 597.
[4] R.C. 3119.24(A)(1).
[5] See Civ.R. 53(D)(3)(b)(iii).

determined the factual issues. Thus, in the absence of receiving new evidence, the trial court was required to presume the regularity of the magistrate's factual determinations regarding child support and the amount of the deviation.[6] We note also that a disabled parent is entitled to receive full credit against his child-support obligation for SSD benefits received by his child due to the parent's disability.[7]

{¶11} Where the trial court did not receive new evidence in determining that Kuwatch should be responsible for 50 percent of the children's health insurance costs in addition to the amount of support determined by the magistrate, and in the absence of a transcript of the evidentiary hearing or a substitute, the trial court's decision was not supported by any sound reasoning process. Consequently, we hold that the trial court abused its discretion by sustaining Hall's objection in part and adding to the amount of child support determined by the magistrate.

{¶12} Accordingly, the assignment of error is sustained. We reverse the trial court's judgment and we remand the cause for the trial court to adopt the magistrate's decision in full.

Judgment reversed and cause remanded.

**SUNDERMANN, P.J., HENDON** and **CUNNINGHAM, JJ**.

Please Note:

The court has recorded its own entry on the date of the release of this decision.

---

[6] *In re Spencer*, 1st Dist. No. C-070321, 2008-Ohio-2844, ¶11.
[7] See *Williams v. Williams*, 88 Ohio St.3d 441, 2000-Ohio-375, 727 N.E.2d 895, syllabus.