[Cite as *Austell v. Bowie*, 2016-Ohio-1043.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

MAYA AUSTELL,                    :        APPEAL NO.  C-150437
                                          TRIAL NO.  P09-2258X
    Plaintiff-Appellee,      :

   vs.                           :        *O P I N I O N.*

BRANDON BOWIE,                   :

    Defendant-Appellant.     :


Appeal From:  Hamilton County Juvenile Court

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  March 16, 2016


*Maya Austell,* pro se,

*Brandon Bowie,* pro se.


Please note:    this case has been removed from the accelerated calendar.

CUNNINGHAM, **Presiding** Judge.

{¶1}     Defendant-appellant Brandon Bowie challenges the juvenile court's overruling of his objection to and its adoption of a March 16, 2015 magistrate's decision modifying his child-support obligation and imposing a minimum support order under R.C. 3119.06.

{¶2}     In a single assignment of error, Bowie argues that the juvenile court erred in imputing income to him, and in enforcing a child-support order against a physically disabled obligor who receives means-tested benefits. *See* R.C. 3121.03.

{¶3}     While a trial court's decision regarding a child-support obligation is generally governed by an abuse-of-discretion standard, the "court's discretion is not unfettered." *Sapinsley v. Sapinsley*, 171 Ohio App.3d 74, 2007-Ohio-1320, 869 N.E.2d 702, ¶ 8 (1st Dist.). The Ohio Supreme Court has held that when required by statute, a trial court must complete a child-support-computation worksheet and include it in the record. This requirement is mandatory and must be literally and technically followed. *See Marker v. Grimm*, 65 Ohio St.3d 139, 601 N.E.2d 496 (1992), paragraphs one and two of the syllabus (applying former R.C. 3113.215); *see also Beckworth v. Westendorf*, 1st Dist. Hamilton No. C-020804, 2003-Ohio-5955, ¶ 10 (holding that the Supreme Court's statements regarding R.C. 3113.215 are applicable to the current statutory child-support scheme). The requirement is imposed to assure that appellate courts are able give meaningful review to a trial court's decision. *See Marker* at 142.

{¶4}     R.C. 3119.02, which includes language identical to that of former R.C. 3113.215, explicitly provides that the trial court must complete a child-support worksheet for any entry which orders or modifies child support. *See* R.C. 3119.79.

{¶5}     Here, as counsel for the Hamilton County Child Support Enforcement Agency noted in argument before the juvenile court, neither the magistrate nor the court had completed a child-support worksheet. Our review of

the record confirms that the juvenile court did not enter a completed worksheet on its journal before modifying Bowie's child-support obligation.

{¶6}     Therefore, we hold that the juvenile court erred in failing to complete a worksheet.  The assignment of error is sustained, albeit for reasons unrelated to Bowie's argument.

{¶7}     Consequently, the juvenile court's June 16, 2015 judgment entry is reversed, and this cause is remanded for further proceedings on the appropriate amount of Bowie's child-support obligation.

Judgment reversed and cause remanded.


**MOCK** and **STAUTBERG, JJ.,** concur.


Please note:

The court has recorded its own entry on the date of the release of this opinion.