[Cite as *In re B.M.*, 2023-Ohio-1567.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| IN RE  B.M. | : | |
| | | No. 111905 |
| Minor Children | : | |
| | | |
| [Appeal by Bl. M., Father] | : | |

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:**  REVERSED IN PART AND REMANDED
**RELEASED AND JOURNALIZED:**  May 11, 2023

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. FA21202720

---

### *Appearances:*

The Law Office of Brent A. Cicero, LLC, and Brent A. Cicero, *for appellant* Father.

A.H., *pro se.*

MICHELLE J. SHEEHAN, P.J.:

{¶ 1} Defendant-appellant father appeals from the trial court's decision modifying father's child support obligation with respect to the court's designation of plaintiff-appellee mother as the parent entitled to claim both of their children as a dependent for purposes of federal income tax deductions.  Mother was designated

by the court to claim both children despite the parties' stipulation that would allow each parent to claim a child as a dependent. Our review of the pertinent statute and applicable case law authority indicates that the trial court was without discretion to disregard the parties' agreement in this matter. Consequently, we reverse the trial court's decision in part and remand the matter for further proceeding consistent with this opinion and the law.

**Background**

{¶ 2} Mother and father have two children, B.M., born in 2018, and T.M., born in 2019. On March 22, 2021, an administrative order for child support was issued. Father was found to have income of $41,288 and mother, $29,458. The child support order required father to pay $343.85 per month per child (plus medical support of $18.90 per child) to mother, the custodian parent.

{¶ 3} Within ten days of the administrative order, on April 2, 2021, mother filed both a complaint to adopt the administrative child support order and a motion to modify the child support order. Mother alleged father's income was higher.

{¶ 4} On May 9, 2022, a magistrate heard the matter. At the beginning of the hearing, mother's counsel reported that the parties had a stipulation regarding the parents' entitlement to claim the children as dependents for federal tax purposes: mother would claim both children for 2021 and, starting in 2022, father would claim B.M. and mother would claim T.M. as a dependent.[1]

---

[1] The transcript of the hearing reflects the following exchanges:

[Mother's Counsel]: We have a stipulation that you might want to hear. * * *

{¶ 5} At the hearing, father argued there were no significant changes in circumstances during the period between the support order and mother's motion to modify. Mother acknowledged there were no changes in circumstances but alleged father's income was more than what was determined in the administrative support order. The magistrate chastised father for not submitting any financial documents to prove his income for 2021. In the subsequent decision issued on May 20, 2022, the magistrate found father should be imputed to have income of $52,800 for his self-employment as a landscaper cutting lawns and plowing snow. Father's monthly child support was modified from $343.85 to $438.94 per child.

{¶ 6} Pertinent to this appeal, the magistrate ordered that, pursuant to R.C. 3119.82, mother is entitled to claim both children as dependents, in the absence of "any evidence at [the] hearing submitted to rebut the presumption that the custodial parent is entitled to claim the child as a dependent."

{¶ 7} Father filed a timely objection to the magistrate's decision, asserting that the parties stipulated on the record that father would claim B.M. as a dependent

---

[Magistrate]: Okay. So, * * * go ahead and put on the record whatever the stipulation is and I'll make a note of it.
[Mother's Counsel]: Thank you Magistrate. The stipulation is for the tax year ending December 31, 2021, [mother] claims both children for tax deductions. And starting in the tax year ending 12/31/22, mother and father each split. Father gets [T.M.] as his tax deduction and mother gets [B.M.] as her tax deduction. I would just ask [father's counsel] if that's accurate.
[Magistrate]: Okay.
[Father's Counsel]: Yes, Your Honor, that is accurate.
[Magistrate]: Okay. All right. * * *
[Mother's Counsel]: I've been corrected. [Father] gets [B.M.] I'm sorry. And [mother] gets [T.M.] Is that right?
[Father's counsel]: That is correct.

for federal income tax purposes and mother would claim T.M. The trial court overruled the objection and adopted the magistrate's decision. This appeal follows.

**Analysis**

{¶ 8} On appeal, father raises the following assignment of error for our review:

> The trial court erred by not including a stipulation established at trial regarding which parent will claim which child as a dependent for federal income tax purposes.

{¶ 9} We review the instant appeal with the recognition that "[m]atters involving child support are reviewed under an abuse-of-discretion standard." *Morrow v. Becker*, 138 Ohio St.3d 11, 2013-Ohio-4542, 3 N.E.3d 144, ¶ 9, citing *Pauly v. Pauly*, 80 Ohio St.3d 386, 390, 686 N.E.2d 1108 (1997).

{¶ 10} R.C. 3119.82, which governs the designation of the parent entitled to claim federal income tax deduction, states, in pertinent part:

> ["W]henever a court issues, or whenever a court modifies, reviews, or otherwise reconsiders a court child support order, or upon the request of any party, the court shall designate which parent may claim the children who are the subject of the court child support order as dependents for federal income tax purposes * * *. *If the parties agree on which parent should claim the children as dependents, the court shall designate that parent as the parent who may claim the children.* If the parties do not agree, the court, in its order, may permit the parent who is not the residential parent and legal custodian to claim the children as dependents for federal income tax purposes only if the court determines that this furthers the best interest of the children and, with respect to orders the court modifies, reviews, or reconsiders, the payments for child support are substantially current as ordered by the court for the year in which the children will be claimed as dependents. In cases in which the parties do not agree which parent may claim the children as dependents, the court shall consider, in making its determination, any net tax savings, the relative financial circumstances

and needs of the parents and children, the amount of time the children spend with each parent, the eligibility of either or both parents for the federal earned income tax credit or other state or federal tax credit, and any other relevant factor concerning the best interest of the children.

(Emphasis added.) The statute provides that, regardless of which parent is the residential parent, *when the parties agree* on which parent should claim the children as dependents, the court *shall* designate that parent as the parent who may claim the children. *When the parties do not agree*, the court may permit the non-residential parent to claim the children only if the court determines that it furthers the best interest of the children, and, in making the determination, the court shall consider the financial circumstances of the parents and several other enumerated factors. These procedures apply whenever a court "issues, or whenever a court modifies, reviews, or otherwise reconsiders a court child support order, or upon the request of any party." *Id*.

{¶ 11} In this case, the parties stipulated in open court on May 9, 2022, that, beginning in 2022, father would claim B.M. as a dependent for federal tax deduction purposes and mother would claim T.M. While the trial court cited R.C. 3119.82 in its decision, it disregarded the statutory provision that mandates the court to make the designation in accordance with the parties' agreement if, as in the instant case, such an agreement is reached. Instead, the trial court noted that father submitted no evidence at the hearing to rebut the presumption that mother, as the custodial parent, was entitled to claim the child as a dependent. However, R.C. 3119.82 does not provide for the trial court's consideration of the enumerated factors when the

parties have agreed on the issue. While the trial court's decision in child support matters falls within its discretion, "a trial court's discretion is not unfettered and the mandatory statutory child-support requirements must be followed in all material respects." *In re S.S.L.S.*, 7th Dist. Columbiana No. 12 CO 8, 2013-Ohio-3026, ¶ 22, citing *Sapinsley v. Sapinsley*, 171 Ohio App.3d 74, 2007-Ohio-1320, 869 N.E.2d 702, ¶ 8 (8th Dist.), and *Marker v. Grimm*, 65 Ohio St.3d 139, 601 N.E.2d 496 (1992), paragraph two of the syllabus. *See also Lenoir v. Paschal*, 2d Dist. Montgomery No. 23732, 2010-Ohio-2922, ¶ 8 (finding the trial court abused its discretion in not following the statutorily mandated procedure in calculating child support). The trial court's decision here conflicts with the clear mandate of R.C. 3119.82. Under the governing statute, the court was without discretion to designate mother as the parent entitled to claim B.M. as a dependent when the parties have reached an agreement to the contrary. The trial court's discretion must yield to the statutory provision.

{¶ 12} Furthermore, we note that "a stipulation is a voluntary agreement entered into between opposing parties concerning the disposition of some relevant point in order to avoid the necessity for proof on an issue" *Wilson v. Harvey*, 164 Ohio App.3d 278, 2005-Ohio-5722, 842 N.E.2d 83, ¶ 12 (8th Dist.). "A stipulation may also be defined as a voluntary agreement, admission, or concession made by the parties or their attorneys concerning disposition of some relevant point to eliminate the need for proof or to narrow the range of issues to be litigated." *Id. See also Bodrock v. Bodrock*, 8th Dist. Cuyahoga No. 104177, 2016-Ohio-5852, ¶ 19;

*McLeod v. McLeod*, 11th Dist. Ashtabula No. 2012-A-0030, 2013-Ohio-4546, ¶ 32 ("stipulations remove an issue from the litigation").

{¶ 13} Here, pursuant to R.C. 3119.82, the parties' agreement regarding the parent entitled to claim the federal tax deduction removed the issue from the trial court's consideration. The trial court's order that mother is entitled to claim B.M. as a defendant did not comply with the statute and therefore constituted an abuse of discretion.[2]

{¶ 14} For the foregoing reasons, we sustain father's assignment of error. The portion of the trial court's decision permitting mother to claim B.M. as a dependent for tax deduction purposes is reversed and the matter is remanded for the trial court to enter an order in accordance with the parties' stipulation permitting father to claim B.M. as a dependent beginning with tax year 2022.

{¶ 15} Judgment reversed in part, and case remanded.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, juvenile division, to carry this judgment into execution.

---

[2] Mother claims on appeal that the trial court entitled mother to claim B.M. as a dependent because father failed to present financial documents to prove his income. Our review of the record does not indicate the trial court made the designation based on father's failure to present the necessary evidence to prove his income. In any event, as we have explained, under the circumstances of this case, the trial court could not consider the factors enumerated in R.C. 3119.82.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, PRESIDING JUDGE

EMANUELLA D. GROVES, J., and
SEAN C. GALLAGHER, J., CONCUR