OPINION
{¶ 1} Steven Coleman is appealing, pro se, the judgment of the Clark County Common Pleas Court, which overruled Coleman's Civ.R. 60(B) motion for relief from judgment.
 {¶ 2} Susan Coleman and Steven Coleman were married on February 4, 1990 in Urbana, Ohio. Steven[1] was convicted of several counts of theft by deception in 2002 and sentenced to prison. Susan moved for a divorce on November 6, 2002. Subsequently, this Court reversed all but one of Steven's convictions as against the manifest weight of the evidence, and Steven was released from prison as he had served the sentence on the remaining conviction. However during the pendency of this action in the lower court, Steven was incarcerated. Steven and Susan had three minor children as a result of the marriage.
 {¶ 3} On December 2, 2002, the magistrate held a hearing on several temporary orders requested by Susan. Susan presented evidence at this hearing while Steven was not present. On the same date, the magistrate entered several orders pursuant to Civ.R. 53(C)(3)(a) that pertained to custody of the minor children, visitation, child support and other related issues. The temporary orders designated Susan as the residential parent and legal custodian of the minor children and required Steven to pay child support in the amount of $179.80 per week. Steven filed objections to this December 2, 2002 temporary order on December 26, 2002. On January 21, 2003, the trial court dismissed Steven's objections upon a finding that they were not timely filed and in violation of Local Rule 16, which requires that a transcript of proceedings be ordered at the time of the filing of objections.
 {¶ 4} On May 19, 2003, Steven filed a Civ.R. 60(B) motion for relief from the magistrate's December 2, 2002 judgment and the trial court's dismissal entry of January 21, 2003. Steven's Civ.R. 60(B) motion was denied on June 5, 2003. Steven has filed this appeal from that judgment.
 {¶ 5} Steven raises the following assignments of error:
 {¶ 6} "[1.] The trial court erred and abused its discretion to deny relief from judgment pursuant to Ohio Civ.R. 60(b)(5).
 {¶ 7} "[2.] The trial court erred and abused judicial discretion to deny relief from judgment pursuant to Ohio Civ.R. 60(B)(3).
 {¶ 8} "[3.] The trial court erred and abused judicial discretion to deny the Ohio Civ.R. 60(B) motion on the grounds of non-cognizability when such claims were clearly cognizable."
 {¶ 9} Steven essentially argues in all three of his assignments of error that the trial court abused its discretion in failing to grant his Civ.R. 60(B) motion. We disagree and will address his assignments of error together.
 {¶ 10} Civil Rule 60(B) provides for relief from a judgment for mistake, inadvertence, excusable neglect, newly discovered evidence, fraud, or another justifiable reason for relief, stating:
 {¶ 11} "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a finaljudgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation." (Emphasis added.)
 {¶ 12} Civ.R. 60(B) cannot be used to challenge a magistrate's decision but rather only applies to "a final judgment, order or proceeding." Pine Ave. Commerce Park, Inc. v.Jarvis Trumbull App. No. 2001-T-0143, 2002-Ohio-6699, ¶ 13. A judgment does not become final until the trial court either approves, rejects, or modifies the magistrate's findings and enters judgment in favor of one of the parties. Quist v.Phillips, Summit App. No. 20761, 2002-Ohio-952; Pine, supra at ¶ 13. If a lower court's decision fails to dispose of the entire case, it is not a final order under Civ.R. 60(B). Agarwal v.Bansal (March, 30, 2001), Franklin App. No. 00AP-732 (finding that a judgment entry addressing custody, visitation, and spousal support was not a final judgment because the final divorce decree had not yet been issued). The same standard for determining whether an order is a final appealable order under Civ.R. 54 has been applied to determining whether a decision is a final order for purposes of Civ.R. 60(B). Agarwal, supra. In order to be a final judgment, the trial court decision must dispose of all of the claims and liabilities of the parties. Gillespie v. CapitalCore, Inc. (June 26, 1997), Franklin App. No. 97APE02-31;Shively v. Shively (Sept. 22, 1994), Franklin App. No. 99APF02-249 (holding that a court's order determining custody, spousal support and dividing marital property was not a final appealable order where the court had yet to determine the issue of child support).
 {¶ 13} Steven is appealing the trial court's denial of his Civ.R. 60(B) motion. In his Civ.R. 60(B) motion Steven sought relief from the magistrate's temporary orders of custody and child support issued on December 2, 2002. Additionally, Steven mentioned the trial court's January 21, 2003 denial of his objections to the December 2, 2002 temporary order. However, these were not final judgments from which Civ.R. 60(B) relief could be granted. The magistrate's December 2, 2002 entry merely entered temporary orders, which the trial court failed to ever adopt or approve. As such, this was not a final judgment. A Civ.R. 60(B) motion is not an appropriate vehicle to challenge a magistrate's decision.
 {¶ 14} In regard to the trial court's January 21, 2003 entry overruling Steven's objections, this was also not a final judgment. Although this entry is from the trial court and not from the magistrate, the entry did not dispose of the case. On the contrary, the trial court's January 2003 entry only pertained to temporary orders of the court. The trial court has yet to hold the final hearings on Susan's petition for divorce or enter a final divorce decree. Only temporary orders have been issued at this point. Therefore, the trial court's January 21, 2003 ruling was not a final judgment from which Steven could request Civ.R. 60(B) relief. Therefore as the motion sought relief from court orders that were not final, the trial court was correct in denying the Civ.R. 60(B) motion, albeit for different reasons. Steven's first, second, and third assignments of error are without merit and overruled.
 {¶ 15} The judgment of the trial court is affirmed.
Fain, P.J. and Grady, J., concur.
[1] In the interest of clarity, the parties will hereinafter be referred to by their first names.