OPINION
{¶ 1} Defendant-appellant Angela P. Goldsboro appeals, pro se, from a decision of the Miami County Court of Common Pleas, Domestic Relations Division, adopting a decision of the magistrate which sustained the motion filed by plaintiff-appellee John D. Goldsboro[1] *Page 2 
requesting the termination of the shared parenting plan in place with respect to the care of their son, E.G. Angela also appeals the decision of the trial court adopting the section of the magistrate's decision designating John as the residential parent of E.G.
 {¶ 2} The judgment and entry adopting the decision of the magistrate was filed by the trial court on September 5, 2006. On October 4, 2006, Angela filed a timely notice of appeal with this Court.
 I {¶ 3} Angela and John were married on May 2, 1998. The parties produced one child during the marriage, E.G., who was born on May 4, 1999. Angela had given birth to another child, A.G., from a prior relationship. A.G. was born January 10, 1994. John adopted A.G. early in the marriage.
 {¶ 4} After a brief marriage, John filed for divorce on November 13, 2001. A final decree of divorce was filed November 7, 2002. At the time of the divorce, the parties entered a shared parenting plan with respect to both E.G. and A.G. As the record indicates, there has been extensive post decree custody litigation. Both the magistrate and the trial court have noted that John and Angela seem to view the ongoing litigation as some sort of competition that has clearly been emotionally detrimental to the parties as well as their children.
 {¶ 5} On May 26, 2005, a modified shared parenting plan was filed with the trial court. The plan consisted of a two-week rotation in which each parent had custody of one or both of the children on varying days during the week. On December 2, 2005, Angela filed a motion to change the shared parenting plan and to have the amount of child support increased based upon an alleged change in circumstance. Shortly thereafter, on December 29, 2005, John filed a *Page 3 
motion to terminate the shared parenting plan and to be awarded sole custody of E.G.
 {¶ 6} Angela filed an objection to the trial court's appointment of Stephen King as the Guardian Ad Litem (GAL) to represent the interests of E.G. on January 11, 2006. On January 19, the trial court overruled Angela's objection to King's appointment. In an opinion filed on July 12, 2006, the magistrate terminated the shared parenting plan citing the best interests of the children as the reason behind his decision. At this point in the litigation, John had ceased any involvement with A.G. as the two apparently had difficulty interacting, and John had effectively given up on trying to maintain a relationship with her. Thus, both parties agreed that the shared parenting plan would be terminated with respect to A.G. The magistrate also ordered that it was in E.G.'s best interest for John to be named his residential parent and legal custodian. In a very thoughtful decision, the magistrate considered all of the factors under R.C. § 3109.04(F)(1), as well as the recommendation of the GAL.
 {¶ 7} Angela filed objections to the magistrate's decision on July 24, 2006. On September 5, 2006, the trial court overruled Angela's obj ections and adopted the decision of the magistrate. It is from this decision that Angela now appeals.
 II {¶ 8} Because they are interrelated, Angela's first and second assignments of error will be discussed together:
 {¶ 9} "THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION AND ITS DECISION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE WHEN IT AWARDED RESIDENTIAL AND LEGAL CUSTODY OF ERIK TO JOHN"
 {¶ 10} "THE TRIAL COURT ABUSED ITS DISCRETION BY ORDERING *Page 4 
STANDARD VISITATION TIME FOR DEFENDANT-APPELLANT"
 {¶ 11} In her first assignment, Angela contends that the trial court's judgment and entry adopting the magistrate's decision which awarded John residential and legal custody of E.G. was against the manifest weight of the evidence. In her second assignment, Angela argues that the trial court abused its discretion in ordering standard visitation time regarding her continued involvement with E.G.
 {¶ 12} Initially it must be noted that the discretion which a trial court enjoys in custody matters should be afforded the utmost respect, given the nature of the proceeding and the impact the court's determination will have on the lives of the parties concerned. The knowledge a trial court gains through observing the witnesses and the parties in a custody proceeding cannot be conveyed to a reviewing court by a printed record. Miller v. Miller (1988), 37 Ohio St.3d 71, 74,523 N.E.2d 846, 849. Thus, a reviewing court may not reverse a custody determination unless the trial court has abused its discretion.Pater v. Pater (1992), 63 Ohio St.3d 393, 588 N.E.2d 794. An abuse of discretion implies an attitude of the trial court that is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), Ohio St.3d 217, 218, 450 N.E.2d 1140. "A decision is unreasonable if there is no sound reasoning process that would support that decision." AAAAEnterprises, Inc. v. River Place Community Urban RedevelopmentCorp. (1990), 50 Ohio St.3d 157, 161, 553 N.E.2d 597, 601.
 {¶ 13} As we noted in Snyder v. Snyder (June 7, 2002), Clark App. No. 2002-CA-6, 2002-Ohio-2781, R.C. § 3109.04 governs the allocation of parental rights and responsibilities for the care of children. Under its provisions, the court must allocate the parental rights and responsibilities for children of divorcing parties. R.C.3109.04(A). *Page 5 
The statute allows the trial court, in the exercise of its sound discretion, to designate one parent as the residential parent and legal custodian of the child and divide other rights accordingly, or to allocate rights to both parents under a shared parenting plan.Id.
 {¶ 14} In determining the rights of the parties with respect to the custody of E.G., the magistrate considered the factors set out in R.C.3109.04 to determine if a shared parenting plan was in E.G.'s best interest. The magistrate examined factors under both sections (F)(1) and (F)(2) and found that shared parenting was not in the best interest of the child. He focused primarily on the complete inability of John and Angela to cooperate regarding anything pertaining to E.G.'s education and care as the basis for terminating shared parenting. The magistrate also stated that the evidence demonstrated that E.G. did not need to spend any appreciable length of time around A.G., as the two interacted poorly. Thus, the magistrate named John as the residential parent.
 {¶ 15} Under (F)(1), the court must consider the following factors:
 {¶ 16} "(a) The wishes of the child's parents regarding the child's care;
 {¶ 17} "(b) If the court has interviewed the child in chambers pursuant to division (B) of this section regarding the child's wishes and concerns as to the allocation of parental rights and responsibilities concerning the child, the wishes and concerns of the child, as expressed to the court;
 {¶ 18} "(c) The child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest;
 {¶ 19} "(d) The child's adjustment to the child's home, school, and community; *Page 6 
 {¶ 20} "(e) The mental and physical health of all persons involved in the situation;
 {¶ 21} "(f) The parent more likely to honor and facilitate court-approved parenting time rights or visitation and companionship rights;
 {¶ 22} "(g) Whether either parent has failed to make all child support payments, including all arrearages, that are required of that parent pursuant to a child support order under which that parent is an obligor;
 {¶ 23} "(h) Whether either parent previously has been convicted of or pleaded guilty to any criminal offense involving any act that resulted in a child being an abused child or a neglected child; whether either parent, in a case in which a child has been adjudicated an abused child or a neglected child, previously has been determined to be the perpetrator of the abusive or neglectful act that is the basis of an adjudication; whether either parent previously has been convicted of or pleaded guilty to a violation of section 2919.25 of the Revised Code involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding; whether either parent previously has been convicted of or pleaded guilty to any offense involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding and caused physical harm to the victim in the commission of the offense; and whether there is reason to believe that either parent has acted in a manner resulting in a child being an abused child or a neglected child;
 {¶ 24} "(i) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent's right *Page 7 
to parenting time in accordance with an order of the court;
 {¶ 25} "(j) Whether either parent has established a residence, or is planning to establish a residence, outside this state."
 {¶ 26} The following additional factors must also be considered to determine if shared parenting is in a child's best interest:
 {¶ 27} "(a) The ability of the parents to cooperate and make decisions jointly, with respect to the children;
 {¶ 28} "(b) The ability of each parent to encourage the sharing of love, affection, and contact between the child and the other parent;
 {¶ 29} "(c) Any history of, or potential for, child abuse, spouse abuse, other domestic violence, or parental kidnapping by either parent;
 {¶ 30} "(d) The geographic proximity of the parents to each other, as the proximity relates to the practical considerations of shared parenting;
 {¶ 31} "(e) The recommendation of the guardian ad litem of the child, if the child has a guardian ad litem."
 {¶ 32} We have reviewed the evidence in the record relevant to these factors. While there are accusations of misconduct by both parties, the record is sufficient to support an award of custody to John. An award of custody will not be reversed by a reviewing court where the judgment is supported *Page 8 
by competent, credible evidence. Lamoreaux v. Lamoreaux (Mar. 29, 1993), Miami App. No. 92 CA 7. Weight and credibility of evidence, and factual disputes in the testimony, are matters for the trial court to resolve.Id.
 {¶ 33} The trial court's designation of John as the residential parent is supported by competent credible evidence. The record reflects contradictory evidence regarding the ability of the parties to agree about any details regarding the parenting of E.G. in the past and in the future. The trial court determined, from the conflicting evidence in the record, that the parties were not able to communicate effectively concerning E.G.'s interests and needs, and concluded that shared parenting was not in his best interests. Upon termination of the shared parenting plan, the trial court focused on the relationship between E.G. and John, as well as the recommendations of the GAL, who opined that it would be in E.G.'s best interests to be permanently placed with John. The positive nature of that relationship tipped the balance in favor of John being designated the residential parent. We do not find this conclusion to be against the manifest weight of the evidence.
 {¶ 34} Additionally, with respect to Angela's assertion that the trial court erred by ordering only standard visitation time with E.G., we can find no abuse of discretion. As stated above, the trial court had before it competent, credible evidence through which it found that John was better suited to be the residential parent of E.G. This was a reasonable decision and was not an abuse of discretion. Moreover, John stated that even though the GAL recommended that Angela only receive standard visitation time with E.G., he would not be adverse to allowing Angela to spending additional time with the minor child.
 {¶ 35} Angela's first and second assignments of error are overruled.
 III {¶ 36} Angela's third assignment of error is as follows: *Page 9 
 {¶ 37} "THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION WHEN IT REFUSED TO ORDER AN AWARD OF ATTORNEY'S FEES."
 {¶ 38} In her third assignment, Angela contends that the trial court abused its discretion when it refused to award her attorney's fees. R.C. § 3105.18(H) provides that "the court may award reasonable attorney's fees to either party at any stage of the proceedings * * * [if it determines that] either party will be prevented from fully litigating his rights and adequately protecting his interests if it does not award reasonable attorney's fees." However, the statute does not require the trial court to award attorney's fees. A decision to award or not to award attorney's fees should not be interfered with absent a clear showing of abuse or prejudice by the trial court. Birath v. Birath
(1988), 53 Ohio App.3d 31, 558 N.E.2d 63.
 {¶ 39} Essentially, Angela argues that her efforts in pursuing this appeal have been hampered by the trial court's failure to award attorney's fees. We disagree. The trial court noted in its written decision that the instant matter has a protracted history spanning over approximately five years. The lengthy record reflects that Angela's legal efforts were not in any way hampered or stymied at the trial court level by a lack of finances. Except for this appeal, Angela has been capably represented by legal counsel during every step of this litigation. It should also be noted that neither party raised the issue of attorney's fees at any of the hearings preceding the issuance of the magistrate's decision and journalization of the trial court entry which adopted the magistrate's decision.
 {¶ 40} Angela's third assignment of error is overruled.
 IV *Page 10 {¶ 41} Angela's fourth and final assignment of error is as follows:
 {¶ 42} "THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION WHEN IT REFUSED TO APPOINT A NEW GUARDIAN AD LITEM."
 {¶ 43} In her final assignment, Angela argues that the trial court abused its discretion when it overruled her motion in which she requested the GAL, Stephen King, be removed from the case and replaced with someone else. The GAL acts on behalf of the minor child and must focus on what is in the child's best interest. In re Hoffman (2002),97 Ohio St.3d 92, 776 N.E.2d 485, 2002-Ohio-5368. The guardian must provide the court with an independent evaluation of the issues. Id.
 {¶ 44} A trial court is not required to follow the recommendation of a GAL. In re P.P. (March 7, 2003), Montgomery App. No. 19582, 2003-Ohio-1051. The function of a GAL is to consider the best interests of the child and to make a recommendation to the court, but the ultimate decision in any proceeding is for the judge. In re P.T.P. (June 9, 2006), Greene App. No. 2005 CA 148, 2006-Ohio-2911. However, the trial court does not err in making an order that coincides with that of the GAL. Id.
 {¶ 45} In the instant matter, the GAL's multiple reports contained a detailed account of his conversations with both parents and the children. The GAL, Stephen King, has been involved in this case for a considerable length of time and interviewed all parties on numerous occasions. There is no evidence in the record that demonstrates a bias on King's part with respect to either party. Other than her bare assertions to the contrary, Angela cannot point to evidence in the record indicating that King failed to perform the duties required of him by local rule or state law. Lastly, it is clear that while the trial court may have relied to a certain extent on the *Page 11 
recommendations contained in the GAL's report, nothing in the record suggests that the court did not undertake its own independent review of the case before reaching its conclusion. Thus, we find that the trial court did not abuse its discretion in refusing to remove the GAL.
 {¶ 46} Angela's fourth and final assignment of error is overruled. V {¶ 47} All of Angela's assignments of error having been overruled, the judgment of the trial court is affirmed.
WOLFF, P.J. and BROGAN, J., concur.
[1] In order to simplify the reading of this opinion, all parties will be referred to by their first names. *Page 1