[Cite as *In re C.M.*, 2011-Ohio-3104.]

IN THE COURT OF APPEALS

SECOND APPELLATE DISTRICT OF OHIO

MONTGOMERY COUNTY

IN RE:                                              :

    C.M., et al.                                    :          CASE NO.   CA 24127

                                                    :          O P I N I O N

                                                    :

                                                    :

APPEAL FROM MONTGOMERY COUNTY COURT OF COMMON PLEAS
JUVENILE DIVISION
Case Nos. JC 07-8994, JC 07-8995

Lawrence J. White, 2533 Far Hills Avenue, Dayton, Ohio 45419, for appellee

Adrienne Brooks, 500 E. Fifth Street, Dayton, Ohio 45402, for appellant

Stephanie Allen, 3640 Colonel Glenn Highway, Wright State University, Student
Union, B015, Dayton, Ohio 45435, guardian ad litem

HENDRICKSON, J.

{¶1}   Defendant-appellant, Brett McSherry, appeals the decision of the

Montgomery County Court of Common Pleas, Juvenile Division, granting custody

to plaintiff-appellee, Melissa Mounce, and establishing child support obligations.

We affirm the decision of the juvenile court.

{¶2} McSherry and Mounce were involved in a romantic relationship that resulted in the birth of two children, C.M. and T.M.. At the time of the proceedings below, C.M. was nine years old, and T.M. was ten. The initial proceedings began when Mounce filed a complaint to establish paternity of C.M. and a motion to set McSherry's child support obligation. McSherry then filed motions for custody and to appoint a Guardian Ad Litem (GAL) for the children.

{¶3} After a hearing was held on the matter and the magistrate accepted a report from the children's GAL, the magistrate released an opinion on June 25, 2008 awarding custody of both children to McSherry because his home was more appropriate. On July 11, 2008, Mounce filed objections to the magistrate's decision, and filed a request for a transcript. The trial court, in an entry dated August 4, 2008, granted Mounce's request for a transcript and granted her an additional 14 days after the receipt of the transcript to file supplemental objections. Mounce filed her supplemental objections on August 29, 2008 in which she informed the court that McSherry was in the process of moving to Wyoming to manage a 67,160 acre ranch. On October 1, 2008, McSherry filed a motion to dismiss Mounce's objections because they were not timely filed, and also filed a notice of intent to relocate to Wyoming.

{¶4} On October 2, 2008, the trial court issued a decision in which it remanded the matter to the magistrate so that the magistrate could consider further evidence regarding McSherry's move to Wyoming. The trial court specifically stated that it considered "whether either parent has established a

residence, or is planning to establish a residence, outside this state" a significant factor in determining custody according to R.C. 3109.04(F)(1)(j).

{¶5} After a second hearing and a second GAL's report, the magistrate released a decision on March 16, 2009, awarding custody to Mounce because a move to Wyoming would be too detrimental to the children. The magistrate also determined that McSherry earned an annual salary of $60,000 a year, and set his child support obligation at $400 per child per month, $139.17 per month in medical support, and $200 per month in arrearages. On March 30, 2009, McSherry filed objections to the magistrate's second decision, which were overruled by the trial court in its August 25, 2009 decision adopting the magistrate's order. McSherry now appeals the decision of the trial court to adopt the magistrate's second order, and raises the following four assignments of error.

{¶6} Assignment of Error No. 1:

{¶7} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY AWARDING CUSTODY OF THE PARTIES' MINOR CHILDREN TO THE APPELLEE IN ITS SUBSEQUENT DECISION DATED MARCH 16, 2009, AS THE SAME IS NOT IN THE BEST INTEREST OF THE MINOR CHILDREN, AND IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, AND THE TRIAL COURT ALSO ERRED AND ABUSED ITS DISCRETION IN AND AWARDING DEFENDANT PARENTING TIME THAT IS ONLY THE STANDARD ORDER."

{¶8} In his first assignment of error, McSherry asserts that the trial court abused its discretion in awarding custody to Mounce, and by limiting his parenting time to the standard order.

{¶9}   R.C. 3109.04(F)(1)(a) through (j) contains a non-exclusive list of best interest factors a trial court must consider when making an initial custody determination.   These factors "relate primarily to the health and well being of the child and the parents."   *Meyer v. Anderson,* Miami App. No. 01CA53, 2002-Ohio-2782, ¶24.

{¶10}   Although a trial court is required to consider these factors, it retains broad discretion in making a best-interest determination.   *White v. White,* Clark App. No. 2009 CA 17, 2009-Ohio-4311, ¶9.   An award of custody will not be reversed by a reviewing court where the judgment is supported by competent, credible evidence.   *Goldsboro v. Goldsboro,* Miami App. No. 2006-CA-48, 2007-Ohio-2135, ¶32, citing *Lamoreaux v. Lamoreaux* (Mar. 29, 1993), Miami App. No. 92 CA 7.   Weight and credibility of evidence, and factual disputes in the testimony, are matters for the trial court to resolve. Id.

{¶11}   "The discretion which a trial court enjoys in custody matters should be accorded the utmost respect, given the nature of the proceeding and the impact the court's determination will have on the lives of the parties concerned.   The knowledge a trial court gains through observing the witnesses and the parties in a custody proceeding cannot be conveyed to a reviewing court by a printed record." *Miller v. Miller* (1988), 37 Ohio St.3d 71, 74.   (Citations omitted.)   Indeed, the trial court's determination of credibility is "even more crucial in a child custody case, where there may be much evident in the parties' demeanor and attitude that does *not* translate to the record well."   (Emphasis sic.)   *Davis v. Flickinger*, 77 Ohio St.3d 415, 419, 1997-Ohio-260.   Thus, a reviewing court will not reverse a custody

determination unless the trial court has abused its discretion by acting in a manner that is arbitrary, unreasonable, or unconscionable. *Pater v. Pater* (1992), 63 Ohio St.3d 393, 396; *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219.

{¶12} The trial court properly considered the factors, and did not abuse its discretion by awarding custody to Mounce. In fulfilling its statutory duty to consider the factors, the trial court considered the following evidence.

{¶13} Regarding factor (a) "the wishes of the child's parents regarding the child's care," the court found that both parties desired legal custody of the children, but that according to factor (b) "the wishes and concerns of the child, as expressed to the court," both children expressed their desire to reside with Mounce.

{¶14} Regarding factor (c), "the child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest," the court noted that while both parents have a loving and appropriate relationship with the children, Mounce's oldest daughter has severe mental health issues, suicidal thoughts, and reckless behavior that may affect the children. However, the children have a strong and healthy bond with their maternal grandmother, with whom Mounce and the children reside.

{¶15} The trial court found that in regard to factor (d) "the child's adjustment to the child's home, school, and community," the children are doing very well in their current school, and that T.M.'s special needs are being met through his school.

{¶16} Factor (e) directs a court to consider "the mental and physical

health of all persons involved in the situation," and the trial court noted that while McSherry does not have any physical or mental health issues, Mounce has battled cancer in the past. The court found that Mounce's health concerns limit her ability to generate income for her family and care for her children. However, the court also noted that Mounce has been in remission for five years and is currently in good health.

{¶17} Regarding factor (f), "the parent more likely to honor and facilitate court-approved parenting time rights or visitation and companionship rights," the court found that there was no testimony or evidence to suggest that either parent is more likely to honor or facilitate the court approved parenting time.

{¶18} The trial court also considered factor (g), "whether either parent has failed to make all child support payments, including all arrearages, that are required of that parent pursuant to a child support order under which that parent is an obligor," and found that McSherry had not failed to make payments once the magistrate set his child support obligation.

{¶19} The trial court also found that according to factor (h), neither party had previously been convicted of or pleaded guilty to any criminal offense involving any act that resulted in a child being an abused child or a neglected child, and that neither party had continuously and willfully denied the other parent's right to parenting time in accordance with an order of the court, specific to factor (i).

{¶20} Regarding factor (j), "whether either parent has established a residence, or is planning to establish a residence, outside this state," the court found that McSherry's move to Wyoming would cause the children to move

approximately 3,000 miles away from where the children grew up and currently reside. The trial court also noted that the children seemed "really happy" at the ranch in Wyoming, and that the home there is appropriate for two growing children who enjoy the outdoor activities the ranch could provide.

{¶21} After balancing the factors, as well as taking into consideration the GAL's suggestion that the children remain with Mounce, the trial court determined that it was in the children's best interest to stay with their mother. This decision was supported by the evidence deduced at the hearings, and is not otherwise arbitrary, unreasonable, or unconscionable.

{¶22} McSherry argues that despite the trial court's consideration of the factors, the evidence weighs in favor of granting him custody. McSherry first argues that Mounce's residence is inappropriate for the children because seven or eight people reside in the small home owned by Mounce's mother, including Mounce's mother and her boyfriend. The record does reflect that the home is small and requires C.M. to share a bed with her mother, but the court found that the evidence also demonstrated that the children are well established at their mother's home, and that Mounce and her mother have begun renovations to expand the home to include five bedrooms. The trial court also considered that the children are well adjusted to Mounce's community. Specifically, C.M. is on the honor roll and engaged in extracurricular activities, and T.M. is doing well in his school and is having his special needs met there.

{¶23} Although McSherry argues that Mounce's health problems have decreased her ability to care for the children, the court considered evidence that

the children have a strong bond with their mother and their maternal grandmother, with whom they live. The court also found that despite her health problems, Mounce has been very involved in the children's lives, when McSherry has not. Specifically, the trial court considered that unlike Mounce, who has been involved in the children's medical appointments, and has attended every school conference and extracurricular activity, McSherry has failed to attend these important occasions.

{¶24} McSherry also argues that his home is more appropriate for the children. While the evidence does suggest that his home in Wyoming is appropriate for the children, the court considered the GAL's report and other evidence, which indicated that a move 3,000 miles from Mounce and the children's extended family would be more detrimental to the children than any benefit they would have by residing in Wyoming permanently.

{¶25} Regarding parenting time, we cannot say that the trial court abused its discretion in awarding time pursuant to the standard order. In support of his argument, McSherry asserts that because the magistrate gave him custody after the initial hearing, he should be awarded extended visitation time during the children's school vacations. However, at the time the magistrate made its initial determination, McSherry lived in Ohio. With his move to Wyoming, the trial court did not abuse its discretion in ordering parenting time pursuant to the standard order.

{¶26} After reviewing the record, we cannot say that the trial court abused its discretion in awarding custody or visitation time. McSherry's first

assignment of error is overruled.

{¶27} Assignment of Error No. 2

{¶28} "MAGISTRATE ERRED IN COMPUTATION OF THE DEFENDANT'S CHILD SUPPORT OBLIGATION."

{¶29} In his second assignment of error, McSherry argues that the trial court erred in calculating his child support obligation based on a $60,000 annual salary. We do not agree, and find the trial court properly calculated McSherry's child support obligation.

{¶30} A trial court has discretion related to the calculation of child support, and, absent an abuse of discretion, an appellate court will not disturb a child support order. *Amlin v. Amlin*, Champaign App. No. 2008 CA 15, 2009-Ohio-3010. According to R.C. 3119.023, the trial court must determine the child support obligation based on the computation worksheet. R.C. 3119.01(C)(5) defines "income" for child support calculation purposes as the parent's gross income, and R.C. 3119.01(C)(7) defines gross income as, " the total of all earned and unearned income from all sources during a calendar year, whether or not the income is taxable, and includes income from salaries, wages, overtime pay, and bonuses * * * commissions; royalties; tips; rents; dividends * * *."

{¶31} McSherry now asserts that the trial court abused its discretion by including his grocery allowance, housing, utilities, and other stipends in his income tabulation. However, the trial court considered McSherry's own testimony in which he estimated his annual income for running the ranch as $60,000. Specifically, McSherry testified that the ranch is paying for his housing, and that he has a

"ranch account for ranch expenses, whether they be groceries, vets, bill paying, you know, stuff like that." McSherry later testified that his income would be "about sixty thousand dollars a year if you include everything." In addition to McSherry's testimony, he also submitted an affidavit of income and financial disclosure on which he listed his annual salary as $60,000.

{¶32} While McSherry asserts that he should have received several set-offs, gross income under R.C. 3119.01(C)(7) includes the "the total of *all earned and unearned income* from all sources during a calendar year, whether or not the income is taxable." (Emphasis added.) See *Sapinsley v. Sapinsley*, 171 Ohio App.3d 74, 2007-Ohio-1320 (finding abuse of discretion where trial court failed to include car allowance in gross income); and *Streza v. Streza*, Lorain App. No. 05CA008644, 2006-Ohio-1315 (finding abuse of discretion where trial court did not include father's per diem allowances in gross income).

{¶33} Having properly calculated the gross income, the trial court did not abuse its discretion by using McSherry's self-reported income at $60,000 for child support computation purposes. McSherry's second assignment of error is, therefore, overruled.

{¶34} Because McSherry's final assignments of error are interrelated, we will address them together to facilitate ease of discussion.

{¶35} Assignment of Error No. 3

{¶36} "THE COURT ERRED IN REMANDING THE MATTER FOR HEARING ON SOLELY ONE FACET OF THE BEST INTEREST TEST AS ARTICULATED IN O.R.C. 3119.04 (F)(1)(i), AS THE SAME SHOULD HAVE

BEEN CHARACTERIZED IN A MOTION FOR CHANGE OF CUSTODY, NOT OBJECTIONS."

{¶37} Assignment of Error No. 4:

{¶38} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN REMANDING THE MATTER ON OBJECTIONS OF THE APPELLANT WHEN THE SAME WERE NOT FILED TIMELY, AND SHOULD HAVE BEEN COUCHED AS A MOTION FOR CHANGE OF CUSTODY.   THE COURT FURTHER ERRED AND ABUSED ITS DISCRETION IN FAILING TO TAKE INTO CONSIDERATION THE RESPONSE TO THE PLAINTIFF'S OBJECTIONS, WHICH WAS DELIVERED TO THE OFFICE OF THE CLERK OF COURT FOR FILING WITHIN DAYS OF FILING OF THE ORIGINAL OBJECTIONS AND REMAINED UNTOUCHED AND UNFILED FOR AN UNKNOWN REASON UNTIL OCTOBER 1, 2008, THE DATE PRIOR TO THE COURT'S DECISION FOR REMAND, AND WAS ONLY DISCOVERED BY COUNSEL DURING THE COURSE OF THE HEARING ON THE REMANDED ISSUE."

{¶39} In his third and fourth assignments of error, McSherry argues that Mounce should have been required to prove a change in circumstances once he was granted custody by the magistrate, that the trial court erred by adopting the magistrate's decision as the initial custody determination, and that the trial court should not have considered Mounce's objections because they were untimely filed. We disagree.

{¶40} Although McSherry argues that the trial court should have required Mounce to demonstrate a change of circumstances before changing custody, the

record indicates that the trial court did not consider the magistrate's initial decision a fully disposed-of custody determination. Instead, the trial court accepted Mounce's objections, permitted her to file subsequent objections once the transcript was prepared, and even granted her additional time to file supplemental objections once she had access to the transcripts.

{¶41} McSherry claims that the trial court adopted the magistrate's decision in full, and directs us to the magistrate's June 25, 2008 decision, captioned: "MAGISTRATE'S DECISION AND JUDGE'S ORDER OF PATERNITY, PARENTING TIME AND LEGAL CUSTODY." While it is true that the trial court electronically signed the magistrate's decision and sent notice of a final appealable order to the parties, Mounce had the ability under the juvenile rules to file objections to the trial court.

{¶42} According to Juv.R. 40(D)(3)(e)(i), "the court may enter a judgment either during the fourteen days permitted by Juv.R. 40(D)(3)(b)(i) for the filing of objections to a magistrate's decision or after the fourteen days have expired. If the court enters a judgment during the fourteen days permitted by Juv.R. 40(D)(3)(b)(i) for the filing of objections, the timely filing of objections to the magistrate's decision shall operate as an automatic stay of execution of the judgment until the court disposes of those objections and vacates, modifies, or adheres to the judgment previously entered."

{¶43} By way of his fourth assignment of error, McSherry asserts that the trial court should not have addressed Mounce's objections because they were untimely filed. The magistrate's decision was filed on June 25, 2008, and

Mounce's objections were filed on July 11, 2008, 16 days later. However, according to Juv.R. 40(D)(4)(b), "whether or not objections are timely filed, a court may adopt or reject a magistrate's decision in whole or in part, with or without modification. A court may hear a previously-referred matter, take additional evidence, or return a matter to a magistrate."

{¶44} In an entry and order dated August 4, 2008, the trial court noted the date of the magistrate's decision as June 25, 2008 and that Mounce filed her objections on July 11, 2008. The trial court was therefore aware that Mounce had filed her objections 16 days after the magistrate's decision was filed. Nonetheless, the trial court granted Mounce's motion for a transcript and further granted an additional 14 days after the receipt of the transcript in which to file supplemental objections. Had the trial court wished to dismiss Mounce's filings as untimely, it had the discretion to do so in its order and entry, but chose to address the motion and objections. See *Abate v. Abate* (March 29, 2000), Summit App. No. CA 19560, 2000 WL 327227 (finding trial court's consideration of untimely objections an implicit grant of an extension of time in which to file the objections); and *Tobey v. Arnold* (Aug. 14, 2000), Mahoning App. No. 98-CA-166, 2000 WL 1262453 (noting that a trial court's consideration of untimely objections will be construed as the granting of leave to file late objections).

{¶45} McSherry also argues that his own untimely objections, filed October 1, 2008, had actually been delivered to the clerk of courts shortly after Mounce's July 11, 2008 objections. McSherry now argues that the certificates of service attached to his motions show July 19, 2008 as the date he filed them with

the court, and that counsel did not know about the delay in filing until the middle of the remand hearing on March 10, 2009. However, the fact remains that McSherry's motions were officially filed on October 1, 2008. Although McSherry could have easily verified that the filings were completed after he allegedly submitted them on or near July 19 2008, he did not do so and approximately eight months passed before the error was discovered.

{¶46} We find nothing in the record to indicate that the clerk erred in filing or time-stamping McSherry's documents on the dates he tendered them, and "thus we presume 'the regularity of the Clerk of Courts performance of the filing of documents required of the office and as noted in the records required to be kept by the Clerk.'" *Richardson v. Indus. Comm*, Montgomery App. No. 22797, 2009-Ohio-2548, ¶22, quoting *George v. Pequinot* (Aug. 20, 1992), Logan App. No. 8-92-9, 1992 WL 209328, *2.

{¶47} Regardless of the supposed error in filing, McSherry was not prejudiced because the trial court remanded the issue to the magistrate to consider the relocation issue, thus giving him an opportunity to be fully heard on the relocation issue. Even if the trial court had considered McSherry's motion regarding Mounce's untimely filings, the trial court had the discretion to sua sponte grant leave to file untimely objections by considering Mounce's filing.

{¶48} Having found the trial court properly considered Mounce's objections, we next address McSherry's argument that the trial court abused its discretion by remanding the case to the magistrate to determine what impact the move to Wyoming would have on the children. Although McSherry argues that he

was not contemplating a move to Wyoming at the time of the initial hearing, the fact remains that he did move his family to Wyoming before the trial court made a final ruling on the objections before it. Therefore, the trial court was acting within its discretion by sending the case back to the magistrate to consider what impact the move would have on the best interest determination. See Juv.R. 40(D)(4)(b) (allowing a court to "hear a previously-referred matter, take additional evidence, or return a matter to a magistrate").

{¶49} McSherry now argues that the proper procedural method for challenging the initial custody determination would have been for Mounce to file a change of custody motion and allege a change of circumstances.

{¶50} However, the trial court's adoption of the original magistrate's order was still pending a decision on Mounce's objections at the time the trial court and magistrate were made aware of the move to Wyoming. Therefore, the trial court had not made its final decision as contended by McSherry, and did not do so until its "DECISION AND JUDGMENT CONCERNING OBJECTIONS TO THE DECISION OF THE MAGISTRATE," filed August 25, 2009. See *Coleman v. Coleman*, Clark App. No. 2003-CA-39, 2004-Ohio-1018, ¶12 (holding that "a judgment does not become final until the trial court either approves, rejects, or modifies the magistrate's findings and enters judgment in favor of one of the parties").

{¶51} Additionally, we note that the trial court addressed McSherry's argument that a change of circumstances was necessary in order to revisit the custody issue. In its August 25, 2009 decision and judgment, the trial court cited

Juv.R. 40(D)(4)(a) for the proposition that a magistrate's decision is not effective unless adopted by the court, and that according to Juv.R. 40(D)(4)(d), the court "shall undertake an independent review as to the objected matters to ascertain that the Magistrate has properly determined the factual issues and appropriately applied the law." The trial court, therefore, stated that the purpose of its decision and entry was to conduct the de novo review of the magistrate's second decision, by and through the first, in order to determine the merits of McSherry's motion for legal custody. The trial court did not err in proceeding as such.

{¶52} In the alternative, McSherry argues that even if the trial court properly considered the relocation as part of the initial custody determination, it abused its discretion by granting Mounce custody. However, as we have discussed in the first assignment of error, the trial court was in the best position to consider the evidence before it, and did not abuse its discretion in finding that a 3,000 mile move from the children's home and extended family was more detrimental to the children than any benefit a spacious and appropriate home would give the children.

{¶53} The trial court considered evidence that the children were happy, successful, healthy, well-adjusted, had special needs met within the Ohio school district, and enjoyed living with their mother in Ohio. While the children had fun on the ranch and enjoyed spending time with their father there, both expressed their desire to remain in Ohio, a sentiment bolstered by the recommendation of the children's GAL that Mounce be awarded custody. We cannot say that the trial court abused its discretion in relying on McSherry's relocation to Wyoming as it did

when considering the best interest factors.

{¶54} Having found that the trial court properly considered Mounce's objections and that the trial court did not abuse its discretion by placing significant weight on McSherry's relocation, McSherry's final two assignments of error are overruled.

Judgment affirmed.

POWELL, J., and RINGLAND, J., concur.

(Hon. Stephen W. Powell, Hon. Robert P. Ringland, and Hon. Robert A. Hendrickson, Twelfth District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Lawrence J. White
Adrienne Brooks
Stephanie Allen
Hon. Nick Kuntz