[Cite as *Berg v. Berg*, 2014-Ohio-4272.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| VERGIE BERG | JUDGES: |
| | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. W. Scott Gwin, J. |
| | Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 14-CA-26 |
| MEREDITH BERG | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Fairfield County Domestic
                              Relations Court, Case No. 2005 DR 31

JUDGMENT:                     Affirmed in part; Reversed in part and
                              Remanded

DATE OF JUDGMENT ENTRY:       September 26, 2014

APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

ANGELA J. SEIMER                      DAVID B. SHAVER
124 West Main Street, Suite 201       647 Hill Road North, Suite C.
Lancaster, Ohio 43130                 Pickerington, Ohio 43147

*Hoffman, P.J.*

{¶1} Defendant-appellant Meredith Berg appeals the February 28, 2014 Judgment Entry on Objections  entered by the Fairfield County Court of Common Pleas, Domestic Relations Division, which overruled his objections to the magistrate's April 3, 2013 decision, and approved and adopted said decision as order of the court.  Plaintiff-appellee is Vergie Berg.[1]

STATEMENT OF THE FACTS AND CASE

{¶2}   The parties were married on December 22, 2001.  Two children were born as issue of the union.  Both children are still minors.  Appellee filed a complaint for divorce on January 24, 2005.  The parties reached an agreement before Appellant's answer was due, and an Agreed Entry/Decree of Divorce was filed on April 21, 2005.  Pursuant to the divorce decree, Appellant's child support obligation was $297.62 plus processing fees.  The trial court issued a judgment entry on July 23, 2007, which increased Appellant's child support to 337.56/month plus processing fees.

{¶3}   On March 28, 2012, the Fairfield County Child Support Agency issued an Administrative Adjustment Recommendation.  The trial court originally scheduled the matter for hearing on June 29, 2012, but rescheduled it for October 18, 2012, after Appellant filed a motion for a continuance.

{¶4}   Appellee propounded interrogatories and requests for production on Appellant.  The trial court scheduled a show cause hearing after Appellee filed a motion to compel/request for sanctions due to Appellant's failure to respond to her discovery

---

[1] The record in this matter shows Appellee's name spelled "Vergie" and "Virgie".  As the briefs filed with this Court use the "V-e-r-g-i-e" spelling, we shall use that spelling in this Opinion.

requests. Via Entry to Compel filed September 26, 2012, the trial court ordered Appellant to respond to Appellee's discovery requests by October 4, 2012. The trial court deferred ruling on Appellee's request for sanctions.

{¶5} Appellant failed to appear at the Administrative Adjustment Hearing on October 18, 2012. Via Judgment Entry filed October 22, 2012, the trial court rescheduled the hearing until December 20, 2012. The trial court ordered Appellant to bring copies of his 2009, 2010, and 2011 Income Tax returns; 2009, 2010, and 2011 W-2 forms; pay stubs from employment/self-employment for the past six months; and all documentation pertaining to available medical insurance coverage, including the costs of single and family policies.

{¶6} On December 18, 2012, Appellant filed a motion to continue the December 20, 2012 hearing. The trial court granted the continuance and rescheduled the hearing for February 28, 2013. Appellant did not appear at the February 28, 2013 hearing, but counsel for Appellant did appear. The magistrate heard testimony from Appellee. Interrogatories answered by Appellant were admitted into evidence and made part of the record. The magistrate allowed testimony which established the home in which Appellant lives, rent free, was purchased by his father for $345,000.

{¶7} Via Decision filed April 3, 2013, the magistrate found Appellant was "either voluntarily unemployed or voluntarily underemployed." April 4, 2013 Magistrate's Decision at 2. The magistrate proceeded to set Appellant's income for child support purposes at $33,600. The magistrate arrived at this figure "by estimating what his parents give him to live on in monthly terms." *Id.*

{¶8} Appellant filed objections to the magistrate's decision. Via Judgment Entry filed February 28, 2014, the trial court overruled Appellant's objections to the magistrate's decision, and adopted said decision as order of the court.

{¶9} It is from this judgment entry Appellant appeals, raising the following assignments of error:

{¶10} "I. TRIAL COURT ERRED IN IMPUTING INCOME TO DEFENDANT-APPELLANT AS THERE WAS NO EVIDENCE THAT DEFENDANT-APPELLANT WAS VOLUNTARILY UNEMPLOYED OR UNDEREMPLOYED.

{¶11} "II. TRIAL COURT ERRED BY NOT PROPERLY APPLYING THE FACTORS LISTED IN O.R.C. 3119.01(11).

{¶12} "III. THE TRIAL COURT ERRED IN IMPUTING INCOME TO THE DEFENDANT-APPELLANT BASED UPON THE VALUE OF BENEFITS ALLEGEDLY RECEIVED FROM HIS PARENTS OR GIRLFRIEND.

{¶13} "IV. THE VALUE OF BENEFITS ALLEGEDLY RECEIVED BY THE DEFENDANT-APPELLANT FROM THIRD PARTIES WAS NOT SUPPORTED BY COMPETENT EVIDENCE."

I

{¶14} In his first assignment of error, Appellant contends the trial court erred in imputing income to him as there was no evidence Appellant was voluntarily unemployed or underemployed. Specifically, Appellant argues the trial court failed to make a specific finding of fact that he was voluntarily unemployed/underemployed. We disagree.

{¶15} Pursuant to R.C. 3119.01(C)(1) and (C)(5)(b), income for child support purposes is defined to include the sum of the parent's gross income and "any potential

income of the parent." Potential income includes imputed income that the court determines the parent would have earned if fully employed based upon the criteria articulated in R.C. 3119.01(C)(11)(a)(i)-(x). However, before a trial court may impute income to a parent, it must first find that the parent is voluntarily unemployed or underemployed. *Inscoe v. Inscoe* (1997), 121 Ohio App.3d 396, 424; *Marek v. Marek,* 158 Ohio App.3d 750, 2004-Ohio-5556, at ¶ 14; *Rock,* supra, at 111; *Leonard v. Erwin* (1996), 111 Ohio App.3d 413, 417; *Ramskogler v. Falkner,* 9th Dist. No. 22886, 2006-Ohio-1556, at ¶ 14 (trial court abused its discretion by failing to make the requisite finding of voluntarily unemployed or underemployed); *Sapinsley v. Sapinsley,* 1st Dist. No. C050092, 2005-Ohio-6773, at ¶ 11 (trial court abuses its discretion when it imputes income without first finding voluntarily unemployed or underemployed).

{¶16} A review of the record reveals the magistrate made an explicit finding Appellant was voluntarily unemployed or underemployed prior to imputing potential income to him. Specifically, the magistrate found, "Mr. Berg is either voluntarily unemployed or voluntarily underemployed." Magistrate's Decision at 2. Because the trial court adopted the magistrate's decision in toto as order of the court, the trial court was not required to make the explicit finding in the February 28, 2014 Judgment Entry.

{¶17} Furthermore, from our review of the record, we find there was competent, credible evidence presented to support the trial court's conclusion Appellant was voluntarily unemployed or underemployed.

{¶18} Appellant's first assignment of error is overruled.

II

{¶19} In his second assignment of error, Appellant submits the trial court erred by failing to properly apply the factors set forth in R.C. 3119.01(11).

{¶20} R.C. 3119.01(C)(11)(a) provides:

(a) Imputed income that the court or agency determines the parent would have earned if fully employed as determined from the following criteria:

(i) The parent's prior employment experience;

(ii) The parent's education;

(iii) The parent's physical and mental disabilities, if any;

(iv) The availability of employment in the geographic area in which the parent resides;

(v) The prevailing wage and salary levels in the geographic area in which the parent resides;

(vi) The parent's special skills and training;

(vii) Whether there is evidence that the parent has the ability to earn the imputed income;

(viii) The age and special needs of the child for whom child support is being calculated under this section;

(ix) The parent's increased earning capacity because of experience;

(x) The parent's decreased earning capacity because of a felony conviction;

(xi) Any other relevant factor.

**{¶21}** Without evidence to the contrary and despite the trial court's failure to enunciate each relevant statutory factors, we presume the trial court considered the statutory factors and applied the law correctly.

**{¶22}** Appellant's second assignment of error is overruled.

III, IV

**{¶23}** Because Appellant's third and fourth assignments of error require similar analysis, we shall address said assignments together. In his third assignment of error, Appellant maintains the trial court erred in imputing income to him based upon the value of benefits allegedly received from his parents or girlfriend. In his final assignment of error, Appellant argues the value the trial court placed on the benefits he received was not supported by competent evidence.

**{¶24}** The trial court, in adopting the magistrate's decision, set Appellant's income for child support purposes at $33,600, deriving this figure "by estimating what his parents give him to live on in monthly terms." The trial court estimated the monthly mortgage payment based upon the amount Appellant's father paid for the home in which Appellant was living. The trial court also estimated monthly payments of real estate taxes, home owners insurance, and auto insurance as well as monthly living expenses. There was no evidence presented to support any of these figures, other than the value of the house in which Appellant was living. The judge or the trier of fact must have before it sufficient evidence to justify or support the figures it utilizes. In the absence of such evidence, we find the trial court erred in speculatively extrapolating Appellant's income for child support purposes at $33,600.

{¶25} Accordingly, Appellant's third and fourth assignments of error are sustained.

{¶26} The judgment of the Fairfield County Court of Common Pleas, Domestic Relations Division, is affirmed in part; and reversed in part, and the matter remanded to recalculate Appellant's imputed income and redetermine child support.

By: Hoffman, P.J.

Gwin, J. and

Wise, J. concur